# Exhibit 1

The Order of the Court is stated below:
Dated: August 24, 2017          /s/  ROGER W GRIFFIN
01:12:55 PM                     District Court Judge

MARK WOODBURY, Utah Bar No. 14373
*Attorney for Plaintiff*
P.O. Box 671
American Fork, UT 84002
(801) 692-3606

### IN THE FOURTH JUDICIAL DISTRICT COURT IN AND FOR
### UTAH COUNTY, AMERICAN FORK, STATE OF UTAH

| | |
|---|---|
| OVERLAND ASSOCIATES, LLC; KEN HSIEH, MICHIKO STEHRENBERGER; and FRANCINE YEH,<br><br>    Plaintiffs,<br><br>v.<br><br>STAR MOUNTAIN ENTERPRISES, LLC; TAMIO STEHRENBERGER; ANNA STEHRENBERGER; TAANEN, LP; LANDMARK VENTURE CAPITAL, LLC; BRAY-CONN, INC.; BRAY-CONN COMMERCIAL PROPERTIES, LLC; BRAY-CONN RESOURCES, LLC; CARY ANTHONY VALERIO; CHADBORNE WILLIAM ALBURY; MARK BACA; and JOHN DOES 1-100.<br><br>    Defendants. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW UPON THE DEFAULT OF DEFENDANTS ANNA STEHRENBERGER; STAR MOUNTAIN ENTERPRISES, LLC; AND TAANEN, LP**<br><br>Utah R. Civ. P. 54(c) and 55<br><br>Case No.: 160100092<br><br>Judge: The Honorable Roger W. Griffin |

This matter having come before the Court on Plaintiff Michiko Stehrenberger's *Motion for Default Judgment,* and the Court having ordered these three defendants Anna Stehrenberger; Star Mountain Enterprises, LLC. and Taanen, LP in default on May 1, 2017 (order of default

Case No. 160100092 – Findings of Fact/Conclusions of Law on May 1, 2017 Order of Default        Page 1 of 6

entered June 9, 2017 with effective date of May 1, 2017) and under Utah R. Civ. P. 54(c), a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings, the Court makes the following findings of fact and conclusions of law pertaining to defaulted Defendants Anna Stehrenberger; Star Mountain Enterprises, LLC; and Taanen, LP:

1. The portion of the pleadings pertaining to defaulted Defendants Anna Stehrenberger; Star Mountain Enterprises, LLC; and Taanen, LP (the portions of the *Answer* filed September 8, 2016 and *Amended Answer* filed September 28, 2016 relating to these defaulted Defendants) are hereby stricken and all allegations against each of them are hereby deemed admitted.

2. Consistent with the Plaintiff's allegations in her August 15, 2016 *Amended Complaint* at ¶ 282-287, the Holding Account Agreement and the promissory notes in this case meet the definition of "securities" under the Utah Securities Act, Utah Code Ann. § 61-1-1,

*et seq.*, and are governed by the liability and damages formula provisions of the Securities Act, because they are "notes" under subpart (a) of § 61-1-13(ee)(i), and are "investment contracts" under subpart (k) of § § 61-1-13(ee)(i);

3. Consistent with the Plaintiffs' *Amended Complaint* at ¶ 70-72, 79-89, 96-97, 101, 109, 115-116, 134-137, 139-141, 143-152, 156-159, 167, 177-187, 189, 191-199, 203-207, 209-210, 217-218, 221-222, 224, 226 (only as to defaulted Defendants Anna, Star Mountain, and Taanen), 227(a)-(i), 227(k)-(l), 227(o), 243, 245-246, 247-252 (only as to defaulted Defendant Star Mountain), 254, 256-261 (only as to defaulted Defendants Anna and Star Mountain), 263, 265-268 (only as to defaulted Defendants Anna and Star

Mountain), 282-305 (only as to defaulted Defendants Anna and Star Mountain), and Plaintiff's Prayer for Relief in the *Amended Complaint*, at page 55, paragraph (c), the Court hereby declares that defendants Anna Stehrenberger and Star Mountain Enterprises, LLC (Utah entity number 6215366-0160) have violated the Utah Uniform Securities Act, Utah Code Ann. § 61-1-1, *et seq.,* including the Utah Securities Act's "anti-fraud" provision pertaining to Defendants Anna Stehrenberger and Star Mountain Enterprises, LLC's omission of material facts made in connection with the sale of the securities in this case, in the manner of failing to disclose the "high-risk" warnings of the Landmark Venture Capital, LLC investment offering in connection with the sale of the Star Mountain Enterprises-issued promissory notes accompanying *Plaintiffs' Amended Complaint* as *Exhibits 4-8*;

4. Consistent with the Plaintiffs' *Amended Complaint* at ¶ 206, 220, 324-329, 332-334 (only as to Defendant Taanen, LP) related to the Plaintiff's Twelfth Cause of Action under the Uniform Fraudulent Transfers Act in effect during the relevant time period, Utah Code Ann. § 25-6-1, *et seq.*, the Court determines that Defendant Taanen, LP wrongfully received the transfer of assets otherwise under the control of the other defaulted Defendants, such that these assets were wrongfully conveyed to Taanen, LP beyond the reach of the creditors of these defaulted Defendants, including the Plaintiff as creditor, such that the wrongful transfer should be reversed;

5. Consistent with Plaintiffs' prayer for relief in the *Amended Complaint*, at page 55-56, paragraphs (b),(d), and (f), Plaintiff Michiko Stehrenberger is to be awarded Default

Judgment, of an amount to be determined separately, against defendants Anna Stehrenberger; Star Mountain Enterprises, LLC (Utah entity number 6215366-0160); and Taanen, LP (Utah entity numbers 8561982-0180, 6882723-0180, and 9505205-0180), as authorized under the statutory formula set forth in the Utah Uniform Securities Act, Utah Code Ann. § 61-1-22, of: [1] treble damages to be calculated upon the total amount paid upon the promissory note securities filed with Plaintiff's *Amended Complaint* as Exhibits 4-8; [2] plus pre-judgment interest accrued as of the calendar date of entry of judgment; [3] plus attorney fees and costs inclusive of those incurred in this case and in the related Provo District case, number 080402986; [4] minus reductions for amounts repaid on the securities–the accounting of such dollar amounts and damages to be determined in separate proceedings under Rule 55(b)(2);

6. Consistent with the allegations pled in Plaintiff's *Amended Complaint* at ¶ 55 and its accompanying *Exhibit 3*, the Utah Department of Commerce database's Registered Principal Search results, the Court concludes that Defendants Tamio Stehrenberger and Anna Stehrenberger are specifically identified by name as the two Managers of Star Mountain Enterprises, LLC during the time period relevant to this case;

7. Consistent with the allegations pled in Plaintiff's *Amended Complaint* at ¶ 281-301 and ¶ 303-305, under Utah Code Ann. § 61-1-22(4)(a), the two Managers of Star Mountain Enterprises, LLC, Defendants Tamio Stehrenberger and Anna Stehrenberger, are persons who are jointly and severally liable together with Defendant Star Mountain Enterprises, LLC, for the Utah Securities Act violations committed and the money owed;

8. Consistent with the *Amended Complaint* prayer for relief at page 55, paragraph (b), post-judgment interest on the total judgment shall accrue daily at the statutory rate of 12% per annum (1% per month) under Utah Code Ann. 61-1-22(c)(ii)(B), for which these three defaulted Defendants, along with their Managers of public record are likewise jointly and severally liable for the securities violations committed and for money owed under Utah Code Ann. § 61-1-22(4)(a), as pled in the *Amended Complaint* at ¶ 281-301 and ¶ 303-305;

9. The accounting of all such dollar amounts and damages, and the identity of any additional liable Managers and Partner(s) of the defaulted entity defendants Star Mountain Enterprises, LLC and Taanen, LP, are to be determined in separate proceedings under Rule 55(b)(2); and

10. Upon appropriate application to the Court, Plaintiff Michiko Stehrenberger shall be entitled to further damages, fee, costs and any other appropriate relief related to any appeal or enforcement and collection of this Judgment, as permitted by law or contract.

11. In accordance with Utah R. Civ. P. 54(b), the Court expressly determines that there is no just reason for delay in the entry of judgment, in that the Plaintiff's claims against these defaulted defendants (including the totality of claims against Star Mountain Enterprises on the five (5) Star Mountain-issued promissory notes on file with the court August 15, 2016 as *Plaintiffs' Amended Complaint* as *Exhibits 4-8*) are claims separate and distinct from the remaining claims against the remaining defendants, and the prompt entry of judgment against these defaulted defendants therefore best serves the interest of justice

by allowing the Plaintiff to present her damages in supplemental proceedings under Utah R. Civ. P. 55(b)(2) and the Court to derive a final sum certain as to these separate claims, thereby allowing the separate claims against the remaining participating defendants to be separately adjudicated.

The signature of the court appears atop the first page of the document.