**Joshua M. O'Hare,**
**Bar No. 10927**
**FOLEY FREEMAN, PLLC**
**953 S. Industry Way**
**P.O. Box 10**
**Meridian, ID 83680**
**Phone: (208) 888-9111**
**FAX: (208) 888-5130**
**johare@foleyfreeman.com**

**Attorney for Defendants**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In re: | Case No. 20-00830-NGH |
| **TAMIO LUCIEN STEHRENBERGER and ANNA CHRISTINE STEHRENBERGER,** | Chapter 7 |
| Debtor. | |
| **MICHIKO STEHRENBERGER,** | |
| Plaintiff, | Adv. Case No. 20-06044-NGH |
| vs. | |
| **TAMIO LUCIEN STEHRENBERGER, ANNA CHRISTINE STEHRENBERGER,** | |
| Debtors/Defendants, | **DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT** |
| **INTERNAL REVENUE SERVICE, CALIFORNIA FRANCHISE TAX BOARD, and IDAHO TAX COMMISSION,** | |
| Creditors, | |
| **TIMOTHY R. KURTZ,** | |
| Chapter 7 Trustee, | |
| **JOHN DOES 1-100,** | |
| Defendants, | |

**DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT - 1**

COMES NOW, the Debtors, Tamio Lucien Stehrenberger and Anna Christine Stehrenberger, by and through their attorney, Joshua M. O'Hare of the firm Foley Freeman, PLLC, and hereby respond to Creditor Michiko Stehrenberger's ("Michiko") Adversary Complaint (Docket No. 1) as follows:

## FACTS AND PROCEDURAL HISTORY

1. On September 17, 2008, Plaintiff and others filed suit against Defendants and Star Mountain Enterprises, LLC, ("SME") a Utah limited liability company, in Utah state court alleging, among other things, a breach of promissory notes.

2. During this case, Plaintiff completed formal paralegal training.

3. The case was dismissed with prejudice in April 23, 2015, but the dismissal was amended in 2016 to a dismissal without prejudice, allowing Plaintiff to refile the case, alleging securities fraud and adding Taanen, LP, a partnership in which Defendants had an interest.

4. Defendants attempted to represent themselves in discovery but were unable to afford counsel. SME and Taanen were eventually defaulted because they could not adequately respond to Plaintiff's overbroad discovery requests and her motion practice of filing rapid and duplicative pleadings.

5. On August 24, 2017, Utah state court entered a Findings of Fact and Conclusions of Law in which it defaulted Star Mountain Enterprises, LLC and incorrectly included Defendants' names in the Findings.

6. On November 28, 2018, that court determined that its Findings were in error and amended the Findings to remove the names of the non-defaulted Defendants, Tamio and Anna Stehrenberger.

7. On September 11, 2020, Tamio and Anna Stehrenberger filed a joint petition for

Chapter 7 bankruptcy relief.

8. On December 14, 2020, Plaintiff filed this adversary proceeding

## DISCUSSION

### I. MOTION TO DISMISS STANDARD

A pleading may be dismissed when it fails to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6) (made applicable in contested bankruptcy matters by Fed. R. Bankr. Proc. 7012(b)). In general, in order to survive a 12(b)(6) motion, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs are obligated to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In evaluating a pleading's sufficiency, courts accept all asserted facts as true but disregard legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### II. COUNT I DOES NOT PLEAD THE REQUIRED ELEMENTS OF 523(a)(2)(A), (a)(4), or (a)(19)

Count I does not plead any of the elements required to except a debt from discharge under any of the code sections cited.

It is well established that the various subsections under 523 are mutually exclusive and allegations constituting actions excepting discharge must be plead under specific sections of § 523. *In re Barrack*, 217 B.R. 598, 605 (B.A.P. 9th Cir. 1998); *see also In re Lorber*, No. CV 15-04852 MMM, 2015 U.S. Dist. LEXIS 179405, at *22 n.53 (C.D. Cal. Oct. 19, 2015); *In re Chamberlain*, Nos. 12-43245, 12-04314, 2013 Bankr. LEXIS 3117, at *8 (Bankr. W.D. Wash. Aug. 2, 2013); *In re Tovar*, No. CC-11-1696-MkDKi, 2012 Bankr. LEXIS 3633, at *10 (B.A.P. 9th Cir. Aug. 3, 2012).

Although pro se pleadings are to be construed liberally, paralegals are held to the same standard as lawyers in their ethical obligations and pleadings. *Richards v. Jain*, 168 F. Supp. 2d 1195, 1202 (W.D. Wash. 2001). As such, because Plaintiff is a trained paralegal with nearly a decade of experience in litigation, her pleadings should not be granted the same liberal treatment that is given to an inexperienced, naïve pro se litigant.

Count I cites four code sections under 523(a) without designating under which subsection she seeks an exception and fails to properly allege facts sufficient to plead any of them. Therefore, Count I should be dismissed.

### A. **Count I Does Not Plead 523(a)(2)(A) with Particularity and it Fails to Properly Plead the Elements of 11 U.S.C. § 523(a)(2)(A)**

Count I should be dismissed because it does not allege a violation of fraud with particularity as required by law and it does not allege the elements of § 523(a)(2)(A).

Bankruptcy Code § 523(a)(2)(A) excepts from discharge debt obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." Count I does not do this with required particularity, nor does it sufficiently plead the elements of the cited code section. As such, it should be dismissed.

   1. *Count I does not plead 523(a)(2)(A) with particularity.*

Count I of Plaintiff's complaint alleges fraud only generally and should be dismissed.

To survive a motion to dismiss under Rule 12(b)(6), a party alleging fraud or mistake must satisfy a heightened pleading standard. He must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Proc. 9(b) (made applicable by Fed. R. Bankr. Proc. 7009). The complaint must allege "the who, what, when, where, and how of the misconduct charged, . . . including what is false or misleading about a statement, and why it is false." *United*

**DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT - 4**

*States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016). Though the complaint does not need to "allege 'a precise time frame' or describe specific transactions in detail, it must identify the alleged fraud with enough precision that the defendant can adequately respond." *Id.* at 1180-81 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Count I includes no specific allegations whatsoever of fraudulent conduct. Furthermore, Count I does not plead the circumstances of any supposedly fraudulent conduct as it includes no allegations of the who, what, when, where, and how as required by F. R.C.P. 9(b). Paragraph 36 generally alleges that Defendants made false pretenses but does not provide any specifics as to what was communicated and under what circumstances the communication occurred. Plaintiff simply points to an order of default that was entered against other distinct entities in a Utah state court case and relies on that to request a discharge under 523(a)(2)(A). This is not sufficient to meet the heightened level of particularity as required when pleading a cause of action for fraud.

Count I should be dismissed because it does not plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and Federal Bankruptcy Rule 7009.

> 2. *Count I does not plead the elements of 523(a)(2)(A).*

In addition to lacking the requisite particularity, Count I should be dismissed because the Complaint does not sufficiently allege the elements of 523(a)(2)(A).

As stated above, § 523(a)(2)(A) excepts from discharge debt obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." To prevail on a claim under this section, a creditor must demonstrate: (1) a debtor's misrepresentation or fraudulent omission; (2) the debtor's knowledge of the falsity of his statement or conduct; (3) the debtor's intent to deceive; (4) the creditor's justifiable reliance on the debtor's statement or conduct; and (5) damage to the creditor

**DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT - 5**

proximately caused by its reliance on the debtor's statement or conduct. *In re Slyman*, 234 F.3d 1081, 1086 (9th Cir. 2000). The fraudulent statement or conduct at issue must be unrelated to the debtor's financial overall status or any of his assets. *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752 (2018).

Here, Count I does not include any statements, omissions, or conduct of Defendants upon which Plaintiff intends to base a claim under 523(a)(2)(A). There are no allegations indicating Defendants' knowledge of the falsity of their fraudulent actions, Defendants' intent to deceive, Plaintiff's justifiable reliance on a false statement, and damage sustained by Plaintiff as a result of Defendants' fraudulent conduct. Plaintiff fails to allege any of the elements of a claim under 523(a)(2)(A).

Count I should be dismissed because it does not contain factual allegations demonstrating the elements required by 523(a)(2)(A).

### B. Count I Does Not Properly Plead 11 U.S.C. § 523(a)(4)

Count I should be dismissed because Plaintiff fails to properly state a claim under 11 USC § 523(a)(4).

Section 523(a)(4) excepts a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The torts excepted from discharge under § 523(4) — fraud or defalcation, embezzlement, or larceny — are four distinct torts demanding proof of four different sets of elements. All four require evidence of either intentional or grossly negligent wrongdoing of a kind contemplated by the Model Penal Code. *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 275 (2013).

A claim for defalcation requires a showing a knowing breach of a fiduciary duty. Id. The fiduciary relationship must arise from an express or technical trust that was imposed before and without reference to the wrongdoing that caused the underlying debt. *In re Jurgens*, 620 B.R. 115,

129 (Bankr. D. Mont. 2020). State law must be examined to determine whether the requisite relationship existed. *Id.* When the conduct at issue does not involve moral turpitude, it must include an intentional wrong. *BankChampaign*, 569 U.S. at 273. A plaintiff is required to demonstrate a knowing violation or conduct that demonstrates a conscious disregard of "substantial and unjustifiable risk." Id. at 274.

Here, Plaintiff alleges no facts demonstrating an express or technical trust. Plaintiff generally alleges that Defendants misrepresented the nature of an investment but does not provide specifics on what duties were imposed, why they were imposed, how Defendants violated those duties, and what harm came of the alleged violations. Furthermore, Count I provides no allegations of moral turpitude or intentional wrong on behalf of Defendants. Section 523(a)(4) requires defalcation to be proven according to the law of the state over which the bankruptcy court sits. *Jurgens*, 620 B.R. at 129. Plaintiff cites no Idaho statute or caselaw. Instead, she relies on an order of default against other distinct entities from Utah to demonstrate that Defendants must have violated a fiduciary duty under 523(a)(4). This is not sufficient to demonstrate defalcation.

Embezzlement requires a showing of "circumstances indicating fraud," *In re Lough*, 422 B.R. 727, 735 (Bankr. D. Idaho 2010), in addition to conversion of property that was rightfully in the embezzler's possession. *BankChampaign*, 569 U.S. at 275. Fraud includes the elements discussed above including deceptive conduct, an intent to deceive, and justifiable reliance. Count I fails to allege any deceptive conduct other than general allegations of false pretenses and misrepresentation. There are no allegations that demonstrate, either by direct or circumstantial evidence, an intent to deceive Plaintiff or other parties. Plaintiff states that investors relied upon Defendants' greater knowledge of private investments but does not assert any statement, action, or omission upon which Plaintiff and other relied as is required in an action for fraud or embezzlement. Because embezzlement sounds in fraud, Plaintiff is required to plead with particularity the fraudulent conduct of which she complains. Count I contains no specifics regarding the alleged embezzlement by

**DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT - 7**

Defendants and fails to allege the who, what, when, and how of the situation constituting Defendants' wrongdoing

Larceny requires the carrying away of personal property not rightfully in the taker's possession. *Id.*; *In re Ormsby*, 591 F.3d 1199, 1205 (9th Cir. 2010). Here, Plaintiff alleges that she and others provided Defendants with money for investment purposes. As such, any personal property in Defendants' possession was there properly and involved no wrongful taking. By its own terms, Count I cuts short a claim under 523(a)(4) for larceny.

Count I should be dismissed because the Complaint does not plausibly allege a claim under § 523(a)(4).

### C. Count I Does Not Properly Plead 11 U.S.C. § 523(a)(6)

Count I should be dismissed because it does not include any facts that plausibly show Plaintiff's debt arose from Defendant's willful and malicious conduct.

11 U.S.C. § 523(a)(6) provides an exception to discharge for debt incurred by "willful and malicious injury by the debtor to another entity or the property of another entity" is not discharged in a bankruptcy proceeding. Not all acts of conversion are willful and malicious. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 331-32 (1934).

A plaintiff must first prove willful injury. *In re Ormsby*, 591 F.3d 1199, 1206 (9th Cir. 2010). Willful injury occurs "only when the debtor has the subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." *Ormsby v. First Am. Title Co. of Nevada (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010) (quoting *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1142 (9th Cir. 2002)). The injury itself must be deliberate or intentional, "not merely a deliberate or intentional act that leads to injury." *In re Bailey*, 197 F.3d 997, 1000 (9th Cir. 1999) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57 (1998)).

Count II does not sufficiently allege Defendants' intent to cause injury. Under 523(a)(6),

a plaintiff must be able to demonstrate that the debtor acted with the purpose to injure the plaintiff. Plaintiff alleges that Tamio knew that he could not pay back a loan but does not allege that Tamio acted with the specific intent to cause injury. Count II contains no allegations of an intent to injure nor allegations that Tamio was substantially certain that injury would occur as a result of his actions. Count I is missing the first element of a claim under § 523(a)(6) and so it should be dismissed.

A malicious injury requires "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *In re Scott*, 588 B.R. 122, 130 (Bankr. D. Idaho 2018) (quoting *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001).

Here, Count I does not allege any wrongful act by Defendants. The most it alleges is that Defendants accidentally made some bad investments or gave some bad advice. It falls far short of alleging that Defendants maliciously induced Plaintiff and others to lose money or intentionally caused injury to befall Plaintiff.

Count I should be dismissed because it fails to properly allege facts that demonstrate a plausible claim for relief under § 523(a)(6).

### D. Count I Does Not Properly Plead 11 U.S.C. § 523(a)(19)

Count I should be dismissed because it fails to properly state a claim for relief under 11 U.S.C. § 523(a)(19).

Section 523(a)(19) excepts from discharge a debt for "the violation of any of the Federal securities laws . . . any of the State securities laws, or any regulation or order issued under such Federal or State securities laws." This requires two conditions be met: (1) a plaintiff must show that the debt is a result of a violation of securities laws or for fraud in connection with the sale or

**DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT - 9**

purchase or securities, and (2) the plaintiff must show that the debt was memorialized in a judicial or administrative order or a settlement agreement. *In re Anderson*, Nos. 10-20651-TLM, 10-07039-TLM, 2012 Bankr. LEXIS 3573, at *6 (Bankr. D. Idaho Aug. 1, 2012). However, the determination of a securities violation must be made in a forum other than the bankruptcy court. *In re Bundy*, 468 B.R. 916, 922 (Bankr. E.D. Wash. 2012).

Orders of default are not final judgments sufficient to demonstrate a securities violation under 523(a)(19). *Stokes v. Vierra*, 185 B.R. 341, 344 (N.D. Cal. 1995); *Dorion v. Keane*, 283 P.3d 118, 123 (Ct. App. 2012).

Here, Plaintiff attempts to use an order of default from a Utah court case to say that Defendants violated securities laws. However, Section 523(a)(19) requires a plaintiff to demonstrate that a securities violation was reduced to a final judgment from a state court or agency adjudication. Orders of default are not final judgments. *Stokes v. Vierra*, 185 B.R. 341, 344 (N.D. Cal. 1995); *Dorion v. Keane*, 283 P.3d 118, 123 (Ct. App. 2012). Here, Plaintiff alleges that an order of default which has not been decided on the merits is enough to satisfy 523(a)(19), which is incorrect. An order of default that has not been reduced to a judgment on the merits is not enough to demonstrate a plausible claim for relief under the cited code section. Therefore, Count I should be dismissed.

Count I should be dismissed because an order of default is not sufficient to plead a claim under 523(a)(19).

### III. COUNT II DOES NOT PLEAD THE REQUIRED ELEMENTS OF 523(a)(2) or 523(a)(6)

#### A. **Count II Fails to Plead Fraud Particularly and Fails to Allege the Elements of 523(a)(2)**

**DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT - 10**

1. *The Complaint does not allege the circumstances of 523(a)(2) with particularity*

To survive a motion to dismiss under Rule 12(b)(6), a party alleging fraud or mistake under 523(a)(2) must satisfy a heightened pleading standard. A plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Proc. 9(b) (made applicable by Fed. R. Bankr. Proc. 7009). The complaint must allege "the who, what, when, where, and how of the misconduct charged, . . . including what is false or misleading about a statement, and why it is false." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016). Though the complaint does not need to "allege 'a precise time frame' or describe specific transactions in detail, it must identify the alleged fraud with enough precision that the defendant can adequately respond. *Id.* at 1180-81 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Here, Plaintiff does not include any of the particularity required to make a plausible claim under 523(a)(2). Count II alleges that sometime in or around 2005, Tamio described a process of "seasoning" money to Plaintiff and that Defendants made statements or took actions sometime in 2005 that were fraudulent and that Plaintiff was aware of the fraudulent actions but did not condone them. Complaint at ¶ 41-44. If this is the basis upon which Plaintiff seeks to except her debt from discharge, more specifics are necessary to meet the heightened pleading standard required for a claim of fraud. There are no allegations as to what statement was made, what is false about the statement, when the statement was made, and in what context it was made.

Further, Plaintiff alleges Tamio misrepresented income to another entity, EAG Investments, LLC, but Plaintiff does not have standing to bring a claim for EAG. She is not a representative of that entity nor does she indicate that EAG transferred all rights associated with

**DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT - 11**

their judgment to Plaintiff so that she might have standing to pursue this claim.

Count II should be dismissed because Plaintiff fails to plead with particularity a plausible cause of action for fraud.

> 2. *The Complaint does not clearly indicate under which subsection of 523(a)(2) Plaintiff seeks an exception*

Count II alleges that Defendants violated 11 U.S.C. § 523(a)(2) but does not clearly state under which subsection Plaintiff is seeking to except their debt from discharge. Therefore, Count II should be dismissed or Plaintiff must clarify her allegations in Count II.

It is well established that the various subsections under 523 are mutually exclusive and allegations constituting actions excepting discharge must be plead under specific sections of § 523. *In re Barrack*, 217 B.R. at 605. Here, Count II does not indicate under which subsection Plaintiff is making a complaint and is unclear regarding what allegedly fraudulent actions were taken by Defendants.

Additionally, Count II should be dismissed because collateral estoppel prevents relitigating this issue in the bankruptcy court.

In a dischargeability proceeding, bankruptcy courts apply the forum state's collateral estoppel rules to determine whether an issue should be precluded based on previous litigation. *In re Honkanen*, 446 B.R. 373 (9th Cir. B.A.P. 2011). Idaho courts invoke collateral estoppel where: "(1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or

**DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT - 12**

in privity with a party to the litigation." *Mastrangelo v. Sandstrom, Inc.*, 137 Idaho 844, 55 P.3d 298 (2002).

Count II relies on an order entered in a Utah court case to say that Plaintiff's debt should be excepted from discharge. However, collateral estoppel prevents Plaintiff from asserting that claim here because the basis for her claim is identical to the basis for the state court claim and the parties involved in that case were the same that are involved here. Plaintiff should not be permitted to relitigate the issues before this Court.

Therefore, Count II should be dismissed or Plaintiff should be required to provide a clearer statement.

### B. Count II Fails to Allege the Elements of 523(a)(6)

Count II should be dismissed because it does not make any allegations plausibly pleading a claim for relief under subsection § 523(a)(6).

As stated above, an exception to discharge under § 523(a)(6) "or willful and malicious injury by the debtor to another entity or the property of another entity." An (a)(6) claim is a two-pronged analysis that requires the plaintiff to demonstrate both willful intent and malice on the part of the defendant. *In re Su*, 290 F.3d 1140, 1146 (9th Cir. 2002).

A plaintiff must first prove willful injury. *In re Ormsby*, 591 F.3d 1199, 1206 (9th Cir. 2010). Willful injury occurs "only when the debtor has the subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." *Id.* (quoting *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1142 (9th Cir. 2002)). The injury itself must be deliberate or intentional, "not merely a deliberate or intentional act that leads to injury." *In re Bailey*, 197 F.3d 997, 1000 (9th Cir. 1999) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57 (1998)).

Count II does not sufficiently allege Defendants' intent to cause injury. Under 523(a)(6),

a plaintiff must be able to demonstrate that the debtor acted with the purpose to injure the plaintiff. Here, Plaintiff alleges that Tamio knew that he could not pay back a loan but does not allege that Tamio acted with the intent to cause injury. She does not allege facts that demonstrate that Tamio took out the loan with the express purpose of injuring Plaintiff or EAG. Count II contains no allegations of an intent to injure nor allegations that Tamio was substantially certain that injury would occur as a result of his actions. Count II is lacking the first element of a claim under § 523(a)(6).

A malicious injury requires "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *In re Scott*, 588 B.R. 122, 130 (Bankr. D. Idaho 2018) (quoting *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001).

As discussed above, Count II does not allege facts that demonstrate a wrongful act done intentionally. Further, it does not demonstrate that Defendants' actions necessarily cause injury. Plaintiff alleges that Defendants knew they would not be able to repay a loan taken out to purchase a home in Draper, UT. However, it is not at all clear that the only possible result was injury. Defendants may have been able to pay back the loan had they not fallen on hard times.

Count II should be dismissed because Plaintiff does not properly allege the elements of § 523(a)(6).

**IV. COUNT III DOES NOT ARTICULATE A COGNIZABLE LEGAL THEORY**

Count III should be dismissed because, though it cites state law, it does not provide a legal theory under which Plaintiff's alleged liens should be granted priority over all other liens.

Count III states that Plaintiff has several liens against Defendants and that each lien should have priority over all other liens. Count III does not provide reason why priority should

**DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT - 14**

be given other than Plaintiff not having knowledge of other liens that may exist. This is not enough to make a claim for priority as no plausible claim is presented.

Further, each of the liens that are listed under Count III are likely avoidable as preferences or fraudulent transfers. The lien arising from the Order to appear and be examined (the "ORAP") alleged at paragraph 93 was allegedly created on July 9, 2020, falls within the ninety-day window provided by 11 U.S.C. § 547(4)(A). The same is true for the lien arising from the Delaware writ mentioned in paragraph 102: that lien was created on July 17, 2020, which is within the ninety-day preference period.

The third lien filed on May 24, 2019, mentioned at paragraph 84, was created within the two-year period provided by 11 U.S.C. § 548(a)(1). That code section provides the trustee with avoidance powers if, within two years before the filing date, the debtor transferred voluntarily or involuntarily and received less than reasonably equivalent value and the transfer was made for the benefit of an insider. 11 U.S.C. § 548. The lien was a transfer of value to an insider entered against Defendants involuntarily and resulted in Defendants receiving nothing of value. Plaintiff, as a sister of Defendant Tamio, is an insider under 11. U.S.C. § 101(31)(A)(i). Therefore, this lien is likely a fraudulent transfer not entitled to priority.

Count III fails to state a legal framework that justifies Plaintiff's claim that her liens are entitled to priority. Furthermore, each of the liens she alleges is likely subject to avoidance under the bankruptcy code. As such, Count III should be dismissed for failure to state a claim upon which relief can be granted.

V.  **COUNT IV DOES NOT PLAUSIBLY STATE A CLAIM FOR RELIEF**

Count IV should be dismissed because it does not allege a plausible claim for relief.

Count IV alleges that a justiciable controversy exists in determining the validity and

priority of liens involved in the bankruptcy proceeding and that Plaintiff's liens are superior to all other liens. Plaintiff does not provide any factual allegations as to why her liens are superior to all other liens that may exist aside from the allegation that she was first. No factual allegations are provided to demonstrate the plausibility of this claim.

Count IV should be dismissed because the Complaint does not present a plausible claim for relief and it is subsumed by Count III.

## VI.  COUNT V DOES NOT ARTICULATE ANY SUPPORTING FACTS FOR THE CODE SECTIONS CITED

Count V should be dismissed because it does not allege any facts that support a turnover of property under 11 U.S.C. § 542 nor a voidable transfer under § 548.

The Complaint states that between one and one hundred unnamed individuals may have or may have had control or involvement with unidentified assets or property of the debtors that may have been fraudulently transferred and then asks the Court to order those unnamed individuals to turnover those unidentified assets. There are no facts alleged at all in Count V. The Court is powerless to order turnover of unidentified items from unnamed individuals.

Furthermore, § 542 and 548 empower the Trustee to request turnover of property or unwind fraudulent transactions. It does not directly provide a claim for relief that can be granted by a court. Therefore, Count V asks for relief that cannot be granted.

Count V should be dismissed because it includes no facts at all and because it asks for relief that a court is not authorized to provide.

## VII.  COUNT VI DOES NOT ARTICULATE A COGNIZABLE LEGAL THEORY

Count VI should be dismissed because it cites no basis, factually or legally, for the Court to make the declaration that Plaintiff requests.

**DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT - 16**

Count VI requests this Court to enter an order for declaratory relief stating that none of the liens acquire by Plaintiff constitute a preferential transfer under 11 U.S.C. § 547. Plaintiff cites no facts that demonstrate this nor does she cite any case law or statute that empowers the Court to do such a thing. In fact, several allegations made elsewhere in the Complaint seem to demonstrate the preferential nature of several of the liens that Plaintiff has acquired. At paragraphs 93 and 102, Plaintiff alleges two liens that she acquired within ninety days before the filing of the petition for relief on September 11, 2020. Specifically Plaintiff alleges that on July 9, 2020 she received a lien on Tamio's personal property in California and on July 17, 2020 she received a lien on Tamio's tangible and intangible property related to OPKIX, Inc. in Delaware. Both of these liens represent a transfer of interest in property for the benefit of a creditor on account of an antecedent debt within ninety days of filing the petition. As such, it is nearly impossible for a court to make the declaration Plaintiff requests when faced with such facts.

Count VI should be dismissed because it asks for a judgment that contravenes the law.

## VIII.   COUNT VII DOES NOT ARTICULATE A COGNIZABLE LEGAL THEORY

Count VII should be dismissed because it cites no statute, code section, or case law to support the request is makes.

Count VII asks that the Trustee be enjoined from taking any actions that could hypothetically impact the value of property inside and outside the bankruptcy estate that Plaintiff may have a claim to. It cites no legal theory for placing an injunction or requiring the Trustee to involve Plaintiff in all of his interactions with the property of the estate. Plaintiff is asking the Court to make the Trustee request permission from Plaintiff before administering property of the estate. This is not a power that a creditor can request. It hinders the Trustee from efficiently administering the estate for the benefit of all creditors.

**DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT - 17**

Count VII should be dismissed because it does not articulate a cognizable legal theory and requests court action that will hinder the Trustee's actions and tie his hands.

**CONCLUSION**

For the foregoing reasons, the Debtors respectfully request that this Court grant their Motion to Dismiss as to all counts.

DATED this 13th day of January, 2021.

        FOLEY FREEMAN, PLLC

        /s/ Joshua M. O'Hare
        Joshua M. O'Hare
        Attorney for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of January, 2021, I caused to be served a true and correct copy of the foregoing document by the method indicated below, and addressed to the following:

| | | |
|---|---|---|
| Michiko Natalie Stehrenberger | X | U.S. Mail |
| 2500 Blanchard Drive | X | E-Mail |
| Santa Rosa Valley, CA 93012 | | |

        /s/ Joshua M. O'Hare
        Joshua M. O'Hare

**DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT - 18**