# Exhibit 1

The Order of the Court is stated below:
**Dated:** August 24, 2017      /s/  ROGER W GRIFFIN
01:12:55 PM           District Court Judge

MARK WOODBURY, Utah Bar No. 14373
*Attorney for Plaintiff*
P.O. Box 671
American Fork, UT 84002
(801) 692-3606

## IN THE FOURTH JUDICIAL DISTRICT COURT IN AND FOR
## UTAH COUNTY, AMERICAN FORK, STATE OF UTAH

| | |
|---|---|
| OVERLAND ASSOCIATES, LLC; KEN HSIEH, MICHIKO STEHRENBERGER; and FRANCINE YEH,<br><br>    Plaintiffs,<br><br>v.<br><br>STAR MOUNTAIN ENTERPRISES, LLC; TAMIO STEHRENBERGER; ANNA STEHRENBERGER; TAANEN, LP; LANDMARK VENTURE CAPITAL, LLC; BRAY-CONN, INC.; BRAY-CONN COMMERCIAL PROPERTIES, LLC; BRAY-CONN RESOURCES, LLC; CARY ANTHONY VALERIO; CHADBORNE WILLIAM ALBURY; MARK BACA; and JOHN DOES 1-100.<br><br>Defendants. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW UPON THE DEFAULT OF DEFENDANTS ANNA STEHRENBERGER; STAR MOUNTAIN ENTERPRISES, LLC; AND TAANEN, LP**<br><br>Utah R. Civ. P. 54(c) and 55<br><br>Case No.: 160100092<br><br>Judge: The Honorable Roger W. Griffin |

   This matter having come before the Court on Plaintiff Michiko Stehrenberger's *Motion*

*for Default Judgment,* and the Court having ordered these three defendants Anna Stehrenberger;

Star Mountain Enterprises, LLC. and Taanen, LP in default on May 1, 2017 (order of default

Case No. 160100092 – Findings of Fact/Conclusions of Law on May 1, 2017 Order of Default   Page  1 of 6

entered June 9, 2017 with effective date of May 1, 2017) and under Utah R. Civ. P. 54(c), a

default judgment must not differ in kind from, or exceed in amount, what is demanded in the

pleadings, the Court makes the following findings of fact and conclusions of law pertaining to

defaulted Defendants Anna Stehrenberger; Star Mountain Enterprises, LLC; and Taanen, LP:

1.  The portion of the pleadings pertaining to defaulted Defendants Anna Stehrenberger; Star

    Mountain Enterprises, LLC; and Taanen, LP (the portions of the *Answer* filed September

    8, 2016 and *Amended Answer* filed September 28, 2016 relating to these defaulted

    Defendants) are hereby stricken and all allegations against each of them are hereby

    deemed admitted.

2.  Consistent with the Plaintiff's allegations in her August 15, 2016 *Amended Complaint* at

    ¶ 282-287, the Holding Account Agreement and the promissory notes in this case meet

    the definition of "securities" under the Utah Securities Act, Utah Code Ann. § 61-1-1,

    *et seq.*, and are governed by the liability and damages formula provisions of the Securities Act,

    because they are "notes" under subpart (a) of § 61-1-13(ee)(i), and are "investment contracts"

    under subpart (k) of § § 61-1-13(ee)(i);

3.  Consistent with the Plaintiffs' *Amended Complaint* at ¶ 70-72, 79-89, 96-97, 101, 109,

    115-116, 134-137, 139-141, 143-152, 156-159, 167, 177-187, 189, 191-199, 203-207,

    209-210, 217-218, 221-222, 224, 226 (only as to defaulted Defendants Anna, Star

    Mountain, and Taanen), 227(a)-(i), 227(k)-(l), 227(o), 243, 245-246, 247-252 (only as to

    defaulted Defendant Star Mountain), 254, 256-261 (only as to defaulted Defendants Anna

    and Star Mountain), 263, 265-268 (only as to defaulted Defendants Anna and Star

Mountain), 282-305 (only as to defaulted Defendants Anna and Star Mountain), and

Plaintiff's Prayer for Relief in the *Amended Complaint*, at page 55, paragraph (c), the Court hereby declares that defendants Anna Stehrenberger and Star Mountain Enterprises, LLC (Utah entity number 6215366-0160) have violated the Utah Uniform Securities Act, Utah Code Ann. § 61-1-1, *et seq.,* including the Utah Securities Act's "anti-fraud" provision pertaining to Defendants Anna Stehrenberger and Star Mountain Enterprises, LLC's omission of material facts made in connection with the sale of the securities in this case, in the manner of failing to disclose the "high-risk" warnings of the Landmark Venture Capital, LLC investment offering in connection with the sale of the Star Mountain Enterprises-issued promissory notes accompanying *Plaintiffs' Amended Complaint* as *Exhibits 4-8*;

4.  Consistent with the Plaintiffs' *Amended Complaint* at ¶ 206, 220, 324-329, 332-334 (only as to Defendant Taanen, LP) related to the Plaintiff's Twelfth Cause of Action under the Uniform Fraudulent Transfers Act in effect during the relevant time period, Utah Code Ann. § 25-6-1, *et seq.*, the Court determines that Defendant Taanen, LP wrongfully received the transfer of assets otherwise under the control of the other defaulted Defendants, such that these assets were wrongfully conveyed to Taanen, LP beyond the reach of the creditors of these defaulted Defendants, including the Plaintiff as creditor, such that the wrongful transfer should be reversed;

5.  Consistent with Plaintiffs' prayer for relief in the *Amended Complaint*, at page 55-56, paragraphs (b),(d), and (f), Plaintiff Michiko Stehrenberger is to be awarded Default

Case No. 160100092 – Findings of Fact/Conclusions of Law on May 1, 2017 Order of Default        Page  3 of 6

Judgment, of an amount to be determined separately, against defendants Anna

Stehrenberger; Star Mountain Enterprises, LLC (Utah entity number 6215366-0160); and

Taanen, LP (Utah entity numbers 8561982-0180, 6882723-0180, and 9505205-0180), as

authorized under the statutory formula set forth in the Utah Uniform Securities Act, Utah

Code Ann. § 61-1-22, of: [1] treble damages to be calculated upon the total amount paid

upon the promissory note securities filed with Plaintiff's *Amended Complaint* as Exhibits

4-8; [2] plus pre-judgment interest accrued as of the calendar date of entry of judgment;

[3] plus attorney fees and costs inclusive of those incurred in this case and in the related

Provo District case, number 080402986; [4] minus reductions for amounts repaid on the

securities–the accounting of such dollar amounts and damages to be determined in

separate proceedings under Rule 55(b)(2);

6. Consistent with the allegations pled in Plaintiff's *Amended Complaint* at ¶ 55 and its

accompanying *Exhibit 3*, the Utah Department of Commerce database's Registered

Principal Search results, the Court concludes that Defendants Tamio Stehrenberger and

Anna Stehrenberger are specifically identified by name as the two Managers of Star

Mountain Enterprises, LLC during the time period relevant to this case;

7. Consistent with the allegations pled in Plaintiff's *Amended Complaint* at ¶ 281-301 and

¶ 303-305, under Utah Code Ann. § 61-1-22(4)(a), the two Managers of Star Mountain

Enterprises, LLC, Defendants Tamio Stehrenberger and Anna Stehrenberger, are persons

who are jointly and severally liable together with Defendant Star Mountain Enterprises,

LLC, for the Utah Securities Act violations committed and the money owed;

8. Consistent with the *Amended Complaint* prayer for relief at page 55, paragraph (b), post-judgment interest on the total judgment shall accrue daily at the statutory rate of 12% per annum (1% per month) under Utah Code Ann. 61-1-22(c)(ii)(B), for which these three defaulted Defendants, along with their Managers of public record are likewise jointly and severally liable for the securities violations committed and for money owed under Utah Code Ann. § 61-1-22(4)(a), as pled in the *Amended Complaint* at ¶ 281-301 and ¶ 303-305;

9. The accounting of all such dollar amounts and damages, and the identity of any additional liable Managers and Partner(s) of the defaulted entity defendants Star Mountain Enterprises, LLC and Taanen, LP, are to be determined in separate proceedings under Rule 55(b)(2); and

10. Upon appropriate application to the Court, Plaintiff Michiko Stehrenberger shall be entitled to further damages, fee, costs and any other appropriate relief related to any appeal or enforcement and collection of this Judgment, as permitted by law or contract.

11. In accordance with Utah R. Civ. P. 54(b), the Court expressly determines that there is no just reason for delay in the entry of judgment, in that the Plaintiff's claims against these defaulted defendants (including the totality of claims against Star Mountain Enterprises on the five (5) Star Mountain-issued promissory notes on file with the court August 15, 2016 as *Plaintiffs' Amended Complaint* as *Exhibits 4-8*) are claims separate and distinct from the remaining claims against the remaining defendants, and the prompt entry of judgment against these defaulted defendants therefore best serves the interest of justice

by allowing the Plaintiff to present her damages in supplemental proceedings under Utah R. Civ. P. 55(b)(2) and the Court to derive a final sum certain as to these separate claims, thereby allowing the separate claims against the remaining participating defendants to be separately adjudicated.

The signature of the court appears atop the first page of the document.

# Exhibit 2

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Tamio Stehrenberger | 25442 Burntwood, Laguna Nigueal, CA 92677 | Managing Member | _____ |
| Anna Stehrenberger | 25442 Burntwood, Laguna Niguel, CA 92677 | Member | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

17. **Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/01/2019
              MM / DD / YYYY



✗ _____    Tamio Stehrenberger
Signature of authorized representative of debtor    Printed name

Title  Managing Member



utah.gov                                                    Search all of Utah.gov »

Utah Department of Commerce    Registered Principal Search
                                                    ? Help

Search results for "stehrenberger"

| Name | Address | Name of Entity | Entity Type | Position | |
|---|---|---|---|---|---|
| ANNA STEHRENBERGER | 1571 S PARKWAY CT SARATOGA SPRINGS UT 84043 | LUXE AUTOMOTIVE GROUP, INC. | Corporation | Officer | Details |
| ANNA STEHRENBERGER | 1571 S PARKWAY COURT Saratoga Springs UT 84043 | STAR MOUNTAIN ENTERPRISES, LLC | Limited Liability Company | Manager | Details |
| ANNA C STEHRENBERGER | 1571 PARKWAY CT Saratoga Springs UT 84045 | STEHRENBERGER HEIGHTS, LLC | Limited Liability Company | Manager | Details |
| TAMIO STEHRENBERGER | 1571 S PARKWAY CT Saratoga Springs UT 84045 | STAR MOUNTAIN GROUP, LLC | Limited Liability Company | Registered Agent | Details |
| TAMIO STEHRENBERGER | 441 W 12300 S STE A600 DRAPER UT 84020 | LUXE AUTOMOTIVE GROUP, INC. | Corporation | Registered Agent | Details |
| TAMIO STEHRENBERGER | 1571 S PARKWAY CT Saratoga Springs UT 84045 | STAR MOUNTAIN GROUP, LLC | Limited Liability Company | Manager | Details |
| TAMIO STEHRENBERGER | 1571 S PARKWAY COURT Saratoga Springs UT 84043 | STAR MOUNTAIN ENTERPRISES, LLC | Limited Liability Company | Manager | Details |
| TAMIO STEHRENBERGER | 1571 S. PARKWAY CT SARTOGA SPRINGS UT 84045 | STAR MOUNTAIN ENTERPRISES, LLC | Limited Liability Company | Registered Agent | Details |
| TAMIO | 1571 S PARKWAY CT | LUXE AUTOMOTIVE GROUP | Corporation | Director | |





State of Utah
Department of Commerce
Division of Corporations and Commercial Code
I hereby certified that the foregoing has been filed
And approved on the ___ day of _____ 20__
in this office of this Division and hereby issued
this Certificate thereof
Examiner _____ Date 5/19/06
Kathy Berg
Division Director

# ARTICLES OF ORGANIZATION
## OF
### STAR MOUNTAIN ENTERPRISES, LLC

05-15-06P04 22 RCVD

**THESE ARTICLES OF ORGANIZATION** forming a limited liability company under the laws of the State of Utah, are made and executed as May 12, 2006, by the undersigned persons

1.    **Name**  The name of the limited liability company is Star Mountain Enterprises, LLC (herein sometimes referred to as the "Company")

2.    **Period of Duration**  The period of duration of the Company shall be a term of ninety-nine (99) years, unless sooner terminated pursuant to law or the provisions of the Company's Operating Agreement

3.    **Business Purpose**  The business purpose or purposes for which the Company is organized are to provide effective management and investment of Company assets, including all of the protections under the law that are afforded to the Company and its Members in connection with the activities of the Company, and (a) to invest and reinvest the assets of the Company in, and to purchase or otherwise buy, acquire, hold, sell, transfer, exchange, invest in, manage, finance, exchange or otherwise dispose of, or realize upon, stocks, bonds, mutual funds, partnership interests, certificates of deposit, commodities, and any other interests in business ventures and other securities and investments of all types and descriptions; (b) to purchase, own, lease, sell, exchange, develop and construct improvements upon, finance the acquisition, operation and development of, and the construction of improvements upon, to operate and maintain for any uses, and otherwise deal with and in, real property, or interests therein, wherever located, (c) to purchase, lease, sell, own and operate, and to finance the acquisition and operation of, personal property; (d) to incur indebtedness, secured or unsecured, for any of the purposes of the Company, (e) to provide opportunities for Members to experience the operation and management of the business of the Company, (f) to pool Members' resources. (g) to provide for the orderly succession of ownership of real, personal, and other property, (h) any other purposes as are necessary to protect or enhance the assets of the Company, (i) other purposes as provided in the Operating Agreement, and (j) to engage in any other lawful business activity permitted under the laws of the State of Utah

6    **Substitute Service of Process.**  The Director of the Division of Corporations and Commercial Code of the Utah Department of Commerce is hereby appointed as the agent of the Company for service of process if the registered agent has resigned, the registered agent's authority has been revoked, or the registered agent cannot be found or served with the exercise of reasonable diligence

7    **Management.**  The management of the Company is reserved to Managers to be selected by the Members  The first such Managers, who shall serve as such Managers until the first meeting of the Members or until their successors are elected, are:

| | |
|---|---|
| Tamio Stehrenberger | Anna Stehrenberger |
| 1571 S  Parkway Court | 1571 S  Parkway Court |
| Saratoga Springs, UT 84043 | Saratoga Springs, UT 84043 |

# Exhibit 3

PROMISSORY NOTE

23 day of DECEMBER 2006

$ 53,500

Interest Rate: 18 % per annum.

PROMISE TO PAY.

Star Mountain Enterprises, LLC, a Utah Limited Liability Company with its principal place of business in Saratoga Springs, Utah (hereinafter "Borrower") promises to pay FRANCINE MEH of PROVO, UTAH (hereinafter "Lender"), the principal amount of $53,500 ($) together with interest at the rate of EIGHTEEN Percent (18 %) per annum on the unpaid principal balance from December 23, 2006, until paid in full one year later unless renewed.

PAYMENT.

Borrower will pay this loan annually, upon maturation of the investment, with principal and accrued interest in its entirety. Borrower's final payment will be for all principal and interest not yet paid. Interest will be calculated under this Note on a 365/365 basis, that is by applying the ration of the actual days outstanding over a year of 365 days, times the annual interest rate, times the outstanding principal balance. Monthly interest payments will be sent and postmarked no later than the 10th of every month. Borrower will pay Lender at the address shown below or such other place as Lender may designate in writing. Unless otherwise agreed, or required by applicable law, payments will be applied first to accrued interest and the remaining amount to principal. Monies do not accrue interest the first 30 days after deposit of funds.

PREPAYMENT. Lender agrees to loan the above-referenced funds to Borrower for a minimum term of one year. As a result, there will be no prepayment of the loan amount or interest due until maturity.

LATE CHARGE. Borrower's payment will be late if Lender does not receive it within 5 days of the due date. If the payment is late, Borrower will be charged a Late Fee of Fifty Dollars ($50).

DEFAULT. If Borrower does not pay this Note as agreed, or if Borrower breaches any other agreement with Lender, Borrower will be in default.

LENDER'S RIGHTS. Upon default, or if Lender in good faith deems itself unsecured; Lender may declare the entire unpaid principal balance and accrued interest immediately due, after notice to the Borrower, and Borrower will then pay that amount. Upon default, or if this Note is not paid at maturity, Lender, at its option, may increase the interest rate on this Note 2.000 percentage points. The interest rate shall not exceed the maximum rate permitted by applicable law. Lender may pay someone else to help collect this Note if Borrower does not pay. Borrower also will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and legal expenses

whether or not there is a lawsuit, including attorneys and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appearances, and any anticipated post-judgment collection services. Borrower also will pay any court costs. If there is a lawsuit, Borrower and Lender agree to submit to the jurisdiction of the courts in Utah County, State of Utah. This Note shall be governed by and construed in accordance with the laws of the State of Utah.

GENERAL PROVISIONS. Lender may delay enforcing any of its rights or remedies under this Note without losing them. If there is any charge in the terms of this Note, and unless otherwise expressly stated in writing, it is Lender's intention not to release any party who signs this Note, whether as maker, accommodation maker, or endorser. All such parties waive notice of any renewals, extensions, modifications, releases of collateral, and other actions taken by Lender.

**Prior to signing this Note, Borrower and Lender read and Borrower and Lender understood all of the provisions of this Note. Borrower and Lender agree to the terms of the Note and Borrower and Lender acknowledge receipt of a completed copy of the Note.**

BY _____
LENDER

Lender Address:_____
_____
_____

BY _____
Star Mountain Enterprises, LLC
BORROWER
By: TAMIO STEIRENBERGER
Title: PRESIDENT

## PROMISSORY NOTE

25 DAY OF JANUARY, 2007

$ 100,000
INTEREST RATE: 24 % PER ANNUM.

### PROMISE TO PAY.

Star Mountain Enterprises, LLC, a Utah Limited Liability Company with its principal place of business in Saratoga Springs, Utah (hereinafter "Borrower") promises to pay Francine Yeh of Provo, Utah (hereinafter "Lender"), the principal amount of One-Hundred Thousand Dollars ($100,000.00) together with interest at the rate of Twenty-Four Percent (24%) per annum on the unpaid principal balance from February 25TH, 2007, until paid in full one year later unless renewed.

### PAYMENT.

Borrower will pay this loan annually, upon maturation of the investment, with principal and accrued interest in its entirety. Borrower's final payment will be for all principal and interest not yet paid. Interest will be calculated under this Note on a 365/365 basis, that is by applying the ration of the actual days outstanding over a year of 365 days, times the annual interest rate, times the outstanding principal balance. Monthly interest payments will be sent and postmarked no later than the 10TH of every month. Borrower will pay Lender at the address shown below or such other place as Lender may designate in writing. Unless otherwise agreed, or required by applicable law, payments will be applied first to accrued interest and the remaining amount to principal. Monies do not accrue interest the first Calendar Month after deposit of funds.

### PREPAYMENT.

Lender agrees to loan the above-referenced funds to Borrower for a minimum term of one year. As a result, there will be no prepayment of the loan amount or interest due until maturity.

### LATE CHARGE.

Borrower's payment will be late if Lender does not receive it within 5 days of the due date. If the payment is late, Borrower will be charged a Late Fee of Fifty Dollars ($50).

### DEFAULT.

If Borrower does not pay this Note as agreed, or if Borrower breaches any other agreement with Lender, Borrower will be in default.

**LENDER'S RIGHTS.**

Upon default, or if Lender in good faith deems itself unsecured, Lender may declare the entire unpaid principal balance and accrued interest immediately due, after notice to the Borrower, and Borrower will then pay that amount. Upon default, or if this Note is not paid at maturity, Lender, at its option, may increase the interest rate on this Note 2.000 percentage points. The interest rate shall not exceed the maximum rate permitted by applicable law. Lender may pay someone else to help collect this Note if Borrower does not pay. Borrower also will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and legal expenses whether or not there is a lawsuit, including attorneys and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appearances, and any anticipated post-judgment collection services. Borrower also will pay any court costs. If there is a lawsuit, Borrower and Lender agree to submit to the jurisdiction of the courts in Utah County, State of Utah. This Note shall be governed by and construed in accordance with the laws of the State of Utah.

**GENERAL PROVISIONS.**

Lender may delay enforcing any of its rights or remedies under this Note without losing them. If there is any charge in the terms of this Note, and unless otherwise expressly stated in writing, it is Lender's intention not to release any party who signs this Note, whether as maker, accommodation maker, or endorser. All such parties waive notice of any renewals, extensions, modifications, releases of collateral, and other actions taken by Lender.

Prior to signing this Note, Borrower and Lender read and Borrower and Lender understood all of the provisions of this Note. Borrower and Lender agree to the terms of the Note and Borrower and Lender acknowledge receipt of a completed copy of the Note.

Signed_____
          LENDER

LENDER ADDRESS

_____
_____
_____

STAR MOUNTAIN
ENTERPRISES, LLC
BORROWER

BY: DAMIS STAHRONBERGER

TITLE: PRESIDENT

# PROMISSORY NOTE

23rd day of February, 2007

$ 5,000.00
Interest Rate: 18% per annum.

## PROMISE TO PAY.

Star Mountain Enterprises, LLC, a Utah Limited Liability Company with its principal place of business in Saratoga Springs, Utah (hereinafter "Borrower") promises to pay Ken Hsieh of ___Norfolk_____, NE (hereinafter "Lender"), the principal amount of Five-Thousand Dollars ($5,000) together with interest at the rate of eighteen Percent (18%) per annum on the unpaid principal balance from March 25, 2007, until paid in full one year later unless renewed.

## PAYMENT.

Borrower will pay this loan annually, upon maturation of the investment, with principal and accrued interest in its entirety. Borrower's final payment will be for all principal and interest not yet paid. Interest will be calculated under this Note on a 365/365 basis, that is by applying the ration of the actual days outstanding over a year of 365 days, times the annual interest rate, times the outstanding principal balance. Monthly interest payments will be sent and postmarked no later than the 10th of every month. Borrower will pay Lender at the address shown below or such other place as Lender may designate in writing. Unless otherwise agreed, or required by applicable law, payments will be applied first to accrued interest and the remaining amount to principal. Monies do not accrue interest the first Calendar Month after deposit of funds.

## PREPAYMENT.

Lender agrees to loan the above-referenced funds to Borrower for a minimum term of one year. As a result, there will be no prepayment of the loan amount or interest due until maturity.

## LATE CHARGE.

Borrower's payment will be late if Lender does not receive it within 5 days of the due date. If the payment is late, Borrower will be charged a Late Fee of Fifty Dollars ($50).

## DEFAULT.

If Borrower does not pay this Note as agreed, or if Borrower breaches any other agreement with Lender, Borrower will be in default.

## LENDER'S RIGHTS.

UPON DEFAULT, OR IF LENDER IN GOOD FAITH DEEMS ITSELF UNSECURED, LENDER MAY DECLARE THE ENTIRE UNPAID PRINCIPAL BALANCE AND ACCRUED INTEREST IMMEDIATELY DUE, AFTER NOTICE TO THE BORROWER, AND BORROWER WILL THEN PAY THAT AMOUNT. UPON DEFAULT, OR IF THIS NOTE IS NOT PAID AT MATURITY, LENDER, AT ITS OPTION, MAY INCREASE THE INTEREST RATE ON THIS NOTE 2.000 PERCENTAGE POINTS. THE INTEREST RATE SHALL NOT EXCEED THE MAXIMUM RATE PERMITTED BY APPLICABLE LAW. LENDER MAY PAY SOMEONE ELSE TO HELP COLLECT THIS NOTE IF BORROWER DOES NOT PAY. BORROWER ALSO WILL PAY LENDER THAT AMOUNT. THIS INCLUDES, SUBJECT TO ANY LIMITS UNDER APPLICABLE LAW, LENDER'S ATTORNEYS' FEES AND LEGAL EXPENSES WHETHER OR NOT THERE IS A LAWSUIT, INCLUDING ATTORNEYS AND LEGAL EXPENSES FOR BANKRUPTCY PROCEEDINGS (INCLUDING EFFORTS TO MODIFY OR VACATE ANY AUTOMATIC STAY OR INJUNCTION), APPEARANCES, AND ANY ANTICIPATED POST-JUDGMENT COLLECTION SERVICES. BORROWER ALSO WILL PAY ANY COURT COSTS. IF THERE IS A LAWSUIT, BORROWER AND LENDER AGREE TO SUBMIT TO THE JURISDICTION OF THE COURTS IN UTAH COUNTY, STATE OF UTAH. THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF UTAH.

**GENERAL PROVISIONS.**

LENDER MAY DELAY ENFORCING ANY OF ITS RIGHTS OR REMEDIES UNDER THIS NOTE WITHOUT LOSING THEM. IF THERE IS ANY CHARGE IN THE TERMS OF THIS NOTE, AND UNLESS OTHERWISE EXPRESSLY STATED IN WRITING, IT IS LENDER'S INTENTION NOT TO RELEASE ANY PARTY WHO SIGNS THIS NOTE, WHETHER AS MAKER, ACCOMMODATION MAKER, OR ENDORSER. ALL SUCH PARTIES WAIVE NOTICE OF ANY RENEWALS, EXTENSIONS, MODIFICATIONS, RELEASES OF COLLATERAL, AND OTHER ACTIONS TAKEN BY LENDER.

PRIOR TO SIGNING THIS NOTE, BORROWER AND LENDER READ AND BORROWER AND LENDER UNDERSTOOD ALL OF THE PROVISIONS OF THIS NOTE. BORROWER AND LENDER AGREE TO THE TERMS OF THE NOTE AND BORROWER AND LENDER ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THE NOTE.

LENDER

STAR MOUNTAIN
ENTERPRISES, LLC
BORROWER

LENDER ADDRESS:

Contact
Information
Redacted

BY: _JAMIS STEPHENBERGER_
TITLE: _PRESIDENT_

PROMISSORY NOTE:

23rd day of April, 2007

$65,000.00
Interest Rate: 24% per annum.

PROMISE TO PAY.
    Star Mountain Enterprises, LLC, a Utah Limited Liability Company with
its principal place of business in Saratoga Springs, Utah (hereinafter
"Borrower") promises to pay MICHIKO STEHRENBERGER of BIMBIONIC
INDUSTRIES (AND/OR ASSIGNS), of Seattle, Washington (hereinafter
"Lender"), the principal amount of US$65,000 ($) together with interest
at the rate of  TWENTY-FOUR Percent (24%) per annum, or TWO PERCENT
(2%) MONTHLY on the unpaid principal balance from JUNE 1, 2007, until
paid in full one year later, unless renewed.

PAYMENT.
    Borrower will pay this loan annually, upon maturation of the
investment, with principal and accrued interest in its entirety.
Borrower's final payment will be for all principal and interest not yet
paid. Interest will be calculated under this Note on a 365/365 basis,
that is by applying the ration of the actual days outstanding over a
year of 365 days, times the annual interest rate, times the outstanding
principal balance. Monthly interest payments will be sent and
postmarked no later than the 10th of every month. Borrower will pay
Lender at the address shown below or such other place as Lender may
designate in writing. Unless otherwise agreed, or required by
applicable law, payments will be applied first to accrued interest and
the remaining amount to principal. Monies do not accrue interest the
first Calendar Month after deposit of funds.

PREPAYMENT.
Lender agrees to loan the above-referenced funds to Borrower for a
minimum term of one year. As a result, there will be no prepayment of
the loan amount  [deleted: or interest due] until maturity.

LATE CHARGE.
Borrower's payment will be late if Lender does not receive it within 5
days of the [monthly interest] due date. If the payment is late,
Borrower will be charged a Late Fee of Fifty Dollars ($50).

DEFAULT.
If Borrower does not pay this Note as agreed, or if Borrower breaches
any other agreement with Lender, Borrower will be in default.

LENDER'S RIGHTS.
Upon default, or if Lender in good faith deems itself unsecured, Lender
may declare the entire unpaid principal balance and accrued interest
immediately due, after notice to the Borrower, and Borrower will then
pay that amount. Upon default, or if this Note is not paid at maturity,
Lender, at its option, may increase the interest rate on this Note
2.000 percentage points. The interest rate shall not exceed the maximum
rate permitted by applicable law. Lender may pay someone else to help
collect this Note if Borrower does not pay. Borrower also will pay
Lender that amount. This includes, subject to any limits under
applicable law, Lender's attorneys' fees and legal expenses whether or

not there is a lawsuit, including attorneys and legal expenses for
bankruptcy proceedings (including efforts to modify or vacate any
automatic stay or injunction), appearances, and any anticipated
post-judgment collection services. Borrower also will pay any court
costs. If there is a lawsuit, Borrower and Lender agree to submit to
the jurisdiction of the courts in Utah County, State of Utah. This Note
shall be governed by and construed in accordance with the laws of the
State of Utah.

GENERAL PROVISIONS.
Lender may delay enforcing any of its rights or remedies under this
Note without losing them. If there is any charge in the terms of this
Note, and unless otherwise expressly stated in writing, it is Lender's
intention not to release any party who signs this Note, whether as
maker, accommodation maker, or endorser. All such parties waive notice
of any renewals, extensions, modifications, releases of collateral, and
other actions taken by Lender.

Prior to signing this Note, Borrower and Lender read and Borrower and
Lender understood all of the provisions of this Note. Borrower and
Lender agree to the terms of the Note and Borrower and Lender
acknowledge receipt of a completed copy of the Note.

Date:_____

Signed_____
       Lender

Michiko Stehrenberger
and/or assigns

Lender Address

Borrower, Star Mountain Enterprises, LLC

BORROWER

By: TAMIO STEHRENBERGER

Title: PRESIDENT

Contact
Information
Redacted

PROMISSORY NOTE

23rd day of April, 2007

$35,000.00
Interest Rate: 24% per annum.

PROMISE TO PAY.
    Star Mountain Enterprises, LLC, a Utah Limited Liability Company with its principal place of business in Saratoga Springs, Utah (hereinafter "Borrower") promises to pay MICHIKO STEHRENBERGER of BIMBIONIC INDUSTRIES (AND/OR ASSIGNS), of Seattle, Washington (hereinafter "Lender"), the principal amount of US$35,000 ($) together with interest at the rate of  TWENTY-FOUR Percent (24%) per annum, or TWO PERCENT (2%) MONTHLY on the unpaid principal balance from JUNE 1, 2007, until paid in full one year later, unless renewed.

PAYMENT.
    Borrower will pay this loan annually, upon maturation of the investment, with principal and accrued interest in its entirety. Borrower's final payment will be for all principal and interest not yet paid. Interest will be calculated under this Note on a 365/365 basis, that is by applying the ration of the actual days outstanding over a year of 365 days, times the annual interest rate, times the outstanding principal balance. Monthly interest payments will be sent and postmarked no later than the 10th of every month. Borrower will pay Lender at the address shown below or such other place as Lender may designate in writing. Unless otherwise agreed, or required by applicable law, payments will be applied first to accrued interest and the remaining amount to principal. Monies do not accrue interest the first Calendar Month after deposit of funds.

PREPAYMENT.
Lender agrees to loan the above-referenced funds to Borrower for a minimum term of one year. As a result, there will be no prepayment of the loan amount  [deleted: or interest due] until maturity.

LATE CHARGE.
Borrower's payment will be late if Lender does not receive it within 5 days of the [monthly interest] due date. If the payment is late, Borrower will be charged a Late Fee of Fifty Dollars ($50).

DEFAULT.
If Borrower does not pay this Note as agreed, or if Borrower breaches any other agreement with Lender, Borrower will be in default.

LENDER'S RIGHTS.
Upon default, or if Lender in good faith deems itself unsecured, Lender may declare the entire unpaid principal balance and accrued interest immediately due, after notice to the Borrower, and Borrower will then pay that amount. Upon default, or if this Note is not paid at maturity, Lender, at its option, may increase the interest rate on this Note 2.000 percentage points. The interest rate shall not exceed the maximum rate permitted by applicable law. Lender may pay someone else to help collect this Note if Borrower does not pay. Borrower also will pay Lender that amount. This includes, subject to any limits under

applicable law, Lender's attorneys' fees and legal expenses whether or
not there is a lawsuit, including attorneys and legal expenses for
bankruptcy proceedings (including efforts to modify or vacate any
automatic stay or injunction), appearances, and any anticipated
post-judgment collection services. Borrower also will pay any court
costs. If there is a lawsuit, Borrower and Lender agree to submit to
the jurisdiction of the courts in Utah County, State of Utah. This Note
shall be governed by and construed in accordance with the laws of the
State of Utah.

**GENERAL PROVISIONS.**
Lender may delay enforcing any of its rights or remedies under this
Note without losing them. If there is any charge in the terms of this
Note, and unless otherwise expressly stated in writing, it is Lender's
intention not to release any party who signs this Note, whether as
maker, accommodation maker, or endorser. All such parties waive notice
of any renewals, extensions, modifications, releases of collateral, and
other actions taken by Lender.

Prior to signing this Note, Borrower and Lender read and Borrower and
Lender understood all of the provisions of this Note. Borrower and
Lender agree to the terms of the Note and Borrower and Lender
acknowledge receipt of a completed copy of the Note.

Date:_____

Signed_____
      **Lender**

Michiko Stehrenberger
and/or assigns

**Lender Address**

Borrower, Star Mountain Enterprises, LLC

**BORROWER**

By: TAMIO STEHRENBERGER

Title: PRESIDENT

Contact
Information
Redacted

# Exhibit 4

## CONFIDENTIAL MEMORANDUM*
### REGARDING DEBT SECURITIES IN

### LANDMARK VENTURE CAPITAL, LLC
### a Utah Limited Liability Company.

136 East South Temple, Ste 2420
Salt Lake City, Utah 84111
Telephone: (801) 521-2520
Facsmilie: (801) 355-3420

For use by company in investments in the Real Property, Natural Resources, Precious
Commodities, and Business/Markets arenas.

*Sold Pursuant to exemption from Registration promulgated
under Regulation D of the Securities Act of 1933*

DEBT SECURITY

## SUMMARY OF THE OFFERING

**Risk Factors**: The Company Notes (referred to hereafter as "Investment") being offered hereby (hereafter, the "Offering") involve a speculative investment with substantial risks. If the assets of the Company are diminished, the Investor may lose his or her entire investment. Persons who are not sophisticated in these types of offerings and who cannot afford the loss of their entire investment should not purchase the Investment offered hereby.

### RISK FACTORS

THE PURCHASE OF THE SECURITIES OFFERED HEREBY IS SUBJECT TO A HIGH DEGREE OF RISK. PROSPECTIVE INVESTORS SHOULD CONSIDER THE FOLLOWING FACTORS, AMONG OTHERS, BEFORE INVESTING. PROSPECTIVE INVESTORS ARE URGED TO CONSULT THEIR OWN FINANCIAL, TAX AND LEGAL COUNSEL IN CONNECTION WITH THE POSSIBLE PURCHASE OF ANY SECURITIES AND TO CONDUCT THEIR OWN DUE DILIGENCE.

### Specific Risks of this Offering

Liability: All Investors who purchase debt securities in the Company will be protected by the general company liability shield. However, the value of said Investor's initial investment may be lost in its entirety. In other words, if the Company becomes defunct, the notes held by such an Investor will be of little or no value. If the Company is sued, the success of such a suit might put the Company in the difficult position of paying a judgment. This and other possible scenarios might jeopardize the value of the

Exhibit 5

**INTERROGATORY NO. 12.**   Provide a detailed accounting of all MICHIKO MONEY by identifying each TRANSACTION RELATED TO the MICHIKO MONEY and all other funds that were ever comingled with MICHIKO MONEY as follows: (1) a description of each TRANSACTION; (2) the date of each TRANSACTION; (3) the amount of each TRANSACTION; (4) each person or ENTITY involved in the TRANSACTION.

**RESPONSE:**   See Exhibit A

8.28.05- MICHIKO Money transferred from joint Washington Mutual Account and deposited into Founder's Capital.

Date unknown- MICHIKO Money transferred from Founder's to McGuire Financial

8.8.06- MICHIKO Money transferred from McGuire Financial to Tamio's Wells Fargo Bank Account.

8.10.06 – MICHIKO Money transferred from Tamio's Bank account to Star Mountain's Bank account.

8.28.06 – MICHIKO Money transferred from Star Mountain Bank Account to Landmark Venture Capital Account.

4.24.07 – MICHIKO deposited $35,000 into Star Mountain Bank Account.

4.25.07 – MICHIO Money transferred from Star Mountain Bank Account to Landmark Venture Capital account.

# Exhibit 6

Case No:

30-2017-00904053-CU-EN-CJC

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**02/17/2017** at 09:39:53 AM
Clerk of the Superior Court
By Jeanette Torres-Mendoza,Deputy Clerk

## UNITED STATES OF AMERICA

### Third District Court, State of Utah
### Salt Lake County

I, L. Douglas Hogan, Judge of the Third District Court, Salt Lake County, State of Utah, do hereby certify that said court is a court of record having a clerk and a seal;  that the clerk/deputy who signed the annexed attestation is a clerk/deputy of the court and has authority to certify the authenticity of court records; that the signature is his/her genuine handwriting, and that all his/her official acts as a clerk/deputy of the court are entitled to full faith and credit.  I further certify that the attestation is in due and proper form.

WITNESS my hand this _1_ day of _February_, A.D. 20 _17_.

_____
Judge of the Third District Court, State of Utah,
Salt Lake County

STATE OF UTAH          )
                       ) SS
County of Salt Lake    )

I, Guy M. Galli, Judicial Team Manager of the Third District Court, State of Utah, Salt Lake County, do hereby certify that the Honorable L. Douglas Hogan, is a Judge of the Third District Court, duly commissioned and qualified with authority to execute the certificate, and that the signature of the Judge on the certificate is genuine.

IN WITNESS THEREOF, I have hereunto set my hand and affixed the seal of the Court this _1_ day of _February_, A.D. 20 _17_.

_____
Judicial Team Manager of the District Court,
State of Utah, Salt Lake County

**FILED**
THIRD DISTRICT COURT

JAN - 4 2011

WEST JORDAN DEPT.

Steven C. Tycksen, #3300
TYCKSEN & SHATTUCK, L.C.
12401 South 450 East, Suite E-1
Draper, Utah 84020
Telephone: (801) 748-4081
Fax: (801) 748-4087

Attorneys for Plaintiff

IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
SALT LAKE COUNTY, STATE OF UTAH, WEST JORDAN DEPARTMENT

| | |
|---|---|
| EAG INVESTMENTS, LLC, a Utah limited liability company, | JUDGMENT BY DEFAULT |
| Plaintiff, | |
| vs. | |
| TAMIO LUCIEN STEHRENBERGER, an individual, ELINOR HUTCHERSON, an individual, BRAY-CONN CAPITAL MANAGEMENT, LLC dba BRAY-CONN COMPANIES, | Case No. 100401172 Judge Adkins |
| Defendants. | |

In this action, the Defendant, Tamio Lucien Stehrenberger, having been regularly served with process pursuant to this Court's Order dated September 13, 2010, and having failed to appear and answer the Plaintiff's Amended Complaint filed herein, the legal time for answering having expired, and the default of the said Defendant in the premises having been duly entered

1

according to law, upon the application of said Plaintiff to the above-entitled Court, judgment is hereby entered against said Defendant, in pursuance of prayer of said Amended complaint.

WHEREFORE, by virtue of the law, and by reason of the premises aforesaid, it is ORDERED, ADJUDGED AND DECREED that Plaintiff, EAG INVESTMENTS, LLC is awarded Judgment against Defendant, TAMIO LUCIEN STEHRENBERGER, as follows:

| | |
|---|---|
| Principal | $ 565,000.00 |
| Origination Fee | $ 56,500.00 |
| Interest at 14% thru 11/5/10 | $ 129,971.27 |
| Extension Fee | $ 4,680.99 |
| Late Charge | $ 37,447.91 |
| Service Charge | $ 31.00 |
| Costs of Court | $ 360.00 |
| Attorney Fees Pursuant to Contract | $ 3,717.00 |
| Less Payments | $<249,300.00> |
| **Total Judgment:** | **$ 548,408.17** |

Together with post-judgment interest at the rate of 14% per annum from the date hereof until paid, plus post judgment accruing attorney fees and costs.

Judgment rendered this 4th day of Jan. 2010.

BY THE COURT:

DISTRICT COURT JUDGE

By: _____
     Deputy Clerk

STATE OF UTAH
COUNTY OF Salt Lake
I hereby certify that the document to which this certificate is attached is a full, true and correct copy of the original filed in the Utah State Courts.
WITNESS my hand and seal this 1 day of February
20 12
DISTRICT/JUVENILE COURT
                              CLERK
                              M. Corvin

2

The Order of the Court is stated below:
Dated:   February 20, 2019        /s/  JAMES GARDNER
         03:50:42 PM              District Court Judge

MARK WOODBURY, Bar # 14373
Attorney for Judgment Creditor (Purchaser/Assignee)
P.O. Box 671
American Fork, UT 84003
(801) 692-3606

In the Third Judicial District Court In and For Salt Lake County,
State of Utah, West Jordan Department
8080 S. Redwood Road, West Jordan, Utah 84088

EAG INVESTMENTS, LLC,
a Utah limited liability company,

Plaintiff,

v.

TAMIO LUCIEN STEHRENBERGER, an
individual, ELINOR HUTCHERSON, an
individual,
BRAY-CONN CAPITAL
MANAGEMENT, LLC,
dba BRAY-CONN COMPANIES,

Defendants.

**Findings of Fact, Conclusions of Law
and Order on Judgment Creditor's
Amended Motion to Renew Judgment
and supporting affidavit, and to Join or
Substitute Party**

Case No. 100401172

Judge James Gardner

The matter before the Court is the judgment creditor's *Amended Motion to Renew Judgment and
Supporting Affidavit, and to Join or Substitute Party*. This matter is being resolved by the
pleadings and other papers of the parties.

Having considered the documents filed with the court, the evidence and the arguments, and now
being fully informed,

**The Court finds:**

1.      This Court entered judgment in this case on January 4, 2011.

2.      The *Motion to Renew Judgment and Supporting Affidavit*, as filed December 24, 2018,
and *Amended Motion to Renew Judgment and Supporting Affidavit, and to Join or Substitute*

*Party*, as filed Jan. 3, 2019, were filed before the statute of limitations on the judgment expired.

3.      The *Amended Motion to Renew Judgment and Supporting Affidavit, and to Join or Substitute Party*, as served by mail on January 17, 2019 was properly served by mail upon Defendants (1) Tamio Lucien Stehrenberger and (2) Bray-Conn Capital, Management, LLC dba Bray-Conn Companies.

4.      The judgment in this case has been purchased by or assigned to Michiko Stehrenberger, who is now joined into this case and substituted as judgment creditor in place of the original plaintiff, EAG Investments, LLC.

5.      The *Amended Motion to Renew Judgment and Supporting Affidavit, and to Join or Substitute Party* contains an accounting of the January 4, 2011 original judgment and all post-judgment payments, credits, and other adjustments which are provided for by law or are contained within the original judgment, plus amounts accrued as of December 31, 2018 against each of the Defendants, as follows:

| | |
|---|---|
| Amount of original judgment entered against **Defendant Tamio Lucien Stehrenberger** on January 4, 2011: | $548,408.17 |
| Post-judgment interest at the contractual rate of 14% per year ($210.35 per day); 2,919 days from 1/4/2011 through 12/31/2018. | $614,006.80 |
| Fee to file applications for writs of garnishment or writs of execution | $0.00 |
| Garnishees' fees | $0.00 |
| Cost to serve writs | $0.00 |
| Costs, including to domesticate judgment into judgment debtor's state of residence (California) at $8.00 Utah court clerk exemplified copy fee, $442.95 California court filing fee plus $65.00 process server fee | $515.95 |
| Attorney fees | $200.00 |
| Fee to file Motion to Renew Judgment Fee will be credited to both parties when recovered. | $180.00 |
| Subtotal | $1,163,310.92 |

| | |
|---|---|
| Less payments made by judgment debtor Tamio Lucien Stehrenberger | $0.00 |
| **Amount of renewed judgment against Tamio Lucien Stehrenberger as of 12/31/2018** (plus post-judgment interest accruing thereafter at the contractual rate of 14% per year) | **$1,163,310.92** |
| Amount of original judgment entered against **Defendant Bray-Conn Capital Management, LLC dba Bray-Conn Companies** on January 4, 2011: | $581,424.35 |
| Post-judgment interest at the statutory rate of interest of 2.41% ($38.39 per day) as stated in the original judgment; 2,919 days from 1/5/2011 through 12/31/2018. | $112,060.22 |
| Fee to file applications for writs of garnishment or writs of execution | $0.00 |
| Garnishees' fees | $0.00 |
| Cost to serve writs | $0.00 |
| Attorney fees | $200.00 |
| Fee to file Motion to Renew Judgment Fees will be credited to both parties when recovered. | $180.00 |
| Subtotal | $693,865.58 |
| Less payments made by judgment bettor Bray-Conn | $0.00 |
| **Amount of renewed judgment against Bray-Conn as of 12/31/2018:** (plus interest accruing thereafter at the post-judgment rate set by statute) | **$693,865.58** |

6.    The judgment has not been fully paid.

7.    The time for Defendants to respond to the *Amended Motion* has expired.

8.    The required $180.00 fee has been paid.

February 20, 2019 03:50 PM                                                      3 of 4

**The Court concludes:**

9.      The judgment creditor has satisfied the requirements for renewing a judgment by motion.

**The Court orders:**

10.      The *Amended Motion to Renew Judgment and Supporting Affidavit, and to Join or Substitute Party* is granted.

11.      The judgment is renewed as of the date of this Order or the date the original judgment was to expire, whichever occurred first.

**Judge's signature appears at the top of the first page of this document.**

Presented by:
/Mark Woodbury/
Mark Woodbury, Bar # 14373