# Exhibit 7



136 East South Temple, Suite 2420
Salt Lake City, UT 84111
(801) 521-2520 Office
(801) 355-3420 Fax

November 14th, 2007

Subject:        Longevity Insurance

Dear Investors,

I would like to apologize for any confusion that the last update, dated the 2nd of November might have caused you.  Please consider this document its successor, as we'll try to be a little clearer on the changes that are in the pipeline as well as their reasons.  In addition, we have also sought more counsel from our attorneys regarding the 'request for Principle' policy, and have made a revision to that as well.

I think it's best that I break the update into 4 parts.
1. The first part will describe our Long Term Interest payment plan.
2. The second will show you some issues that we have faced from the Rescission period in July up to now.
3. The third will describe what we foresee happening as a result of number 2.
4. Lastly, we'll discuss the new request for Principle Policy.

Again, thanks for everything that you have done and continue to do for us.  We trust you feel that there has been a mutual exchange of value during the past year that Landmark Venture Capital LLC (LVC) has been established.

**Part 1-Long Term Interest Payment Plan**
As most of you know LVC issued a Rescission Offering in July of 2007, and we asked all of its investors to re-invest under the new guidelines of 12% APR + Monthly Profit Sharing. We are glad that most of you stayed with us, and have chosen to prosper with us. 2007 has been a great year, and we have a variety of other very exciting opportunities in the pipeline for 2008.

Since the inception of LVC last year, it has made timely interest payments, and will continue to do so. However, starting with the November 2007 payments, LVC will be changing its payout structure into paying in two disbursements.  The first payment will be made before the 10th of the month as in the past, and will be exactly 1% of your invested principle.  The next payment will be made before the end of the respective month, and will be the profit sharing portion. In the month of November, there will not be any profit sharing portion to disburse. We will give as much notice as possible on the profit sharing disbursement, for your planning purposes, at least 1 month in advance is our goal.

**Part 2-Issues to be Addressed**
There have been a few events that have occurred since the July/August timeframe that have slowed down our aggressive business model or plan, so recently we have had to put a new plan in place to deal with these events in as short of an amount of time as possible, and then get back to business as usual.  I will share them with you now:

SM 89

- After the Rescission back in July, some investors did chose to exercise their right to rescind.  This amount happened to be more than we had originally budgeted for, and is now due back to our investors ASAP.  Some funds have been paid back, but we still have a substantial amount that is due. Therefore, we have decided to utilize some of our current funds  to take care of the payback of the rescission principle, as we consider this to be top priority.
- From October to present we have also had some obstructions to our income stream due to our Texas lease having its production shut down for a 2-3 weeks due to some well P&A (Plug and Abandon) discrepancies between our records and that of the State.  While these discrepancies were being ironed out in the legal system, 'all' of the wells had to be shut in and 'all' production stopped.  The wells are back to producing now and have been for a few weeks, but the recovery time to get the wells back to flowing is a 2-3 week waiting period to unload the water that has risen to the top of the wellbore.  Another fortunate event that occurred in the Texas lease, but happened to cost more money than anticipated, was that while a rig was on the best well of the field in October, they encountered a much higher gas cap than previously estimated. Of course this is good news for future production revenue, but bad news when you have a significant increase in rig costs due to the risk of working on a well with this much gas cut. We were able to contain and manage it, but then had to utilize some of our November funds back in October, as this event caused them to go over budget.  This will give us a substantial amount of extra gas production that we were not anticipating.
- As most of you know our Private Placement Memorandum is a Reg D; Section 506. This stipulates that we can have an infinite number of accredited investors, but only 35 unaccredited investors.  Our initial understanding of how to categorize a multi-member company that invests in our PPM has since been corrected.  We were under the opinion that if there were 5 unaccredited investors in the LLC investing with us, that even though there were 5 unaccredited investors you would only have to count the entity as 1 unaccredited entity.  This is true 'if' the 5 unaccredited member investment companies have only a portion of their funds with us.... But 'if' they have invested all of their funds with us, then we have to count all 5 of those unaccredited investors toward our total unaccredited allotment of 35.  Until we accurately determine the accreditation status of every member of every LLC, and where they have placed their funds, we may be over our 35 limit. Needless to say, we will be paying off quite a few of our unaccredited investor base during the next few months to get this number 'way' below 35. It is in our best interest and yours if we get very conservative with 'how' we count our unaccredited investors.  We will be in touch with each of you that are unaccredited, or have multi-unaccredited member LLC's during the next 2 weeks, arranging one on one meetings in our office to discuss this as well as the direction and your future participation with our company (with a tailored win-win solution).

**Part 3-Action Plan**

We will continue to pay at least 1%/month as per our agreement, starting with the November interest payment. However, in November there will be no profit sharing payment, as all of those funds will be re-directed to the payoff of a portion of the unaccredited investor principle, as well as finishing up the rescission principle payoff.  If the amount required to pay off unaccredited principle is where we estimate, then we plan on not only paying the 1%/month interest payment by the 10th of December, but also a partial to all of your profit sharing payment before the end of the month.  This will be followed by a full resumption of base and profit sharing interest payment in January.  BUT, our ability to do this depends on how many unaccredited investors we have as per the conservative guidelines above.  If there are more than anticipated (which is highly likely), then it could delay our resuming a full profit sharing payment until January or possibly later. We are planning on sending out another investor update the week after Thanksgiving.  By that time we should have a better estimation of December's profit sharing payment.  Just as our Rescission Letter back in June was a proactive move on our part to ensure our Longevity; this decision is also proactive, and not reactive. The Private Placement arena was one that we entered back in February of 2006. We have learned a lot since starting and are continuing to learn and evolve to ensure our compliance before we are required to comply.

**SM 90**

We would not have been as successful as we are without each of you, and the trust that you had in us. We are asking for that same trust during these next few months, as we finalize the Rescission process while at the same time taking every precaution possible to make sure that we are above board with regards to the Securities Laws.

**Part 4-New request for Principle Policy**
Effective immediately, those companies or individuals that request principle from this point forward will be ineligible for any further profit sharing on their entire principle balance amount during the six months that they are waiting for their principle to be returned.  They will however, still receive the 1% monthly disbursement on the entire amount. Also, at the advice of counsel, the withdrawal of principle has to be equal to one or the sum of multiple signed Promissory Notes (Please see the attached Addendum).  So, the new request must follow the following format.

"Company X, requests a return of 100% of the principle of Y as per the agreement on Promissory note dated XYZ." Where Y is the full amount of funds loaned on Promissory note dated XYZ. This will help us keep the tracking of the promissory notes more correctly, and will help us better maintain the record keeping as far as the early withdrawal penalties, and renewals, etc.  It will be much cleaner all the way around.

I know that this is not a popular decision, and it hasn't been reached in haste. We just want our records as clean as possible, and to fix as many costs as possible, to ensure longevity and compliance with LVC.

We have several programs in place to help those companies or individuals create their own LONG TERM cash flow, as we have done. Check out our website www.gotindependence.com for more information on these products. If none of those programs fit your needs, I will also be creating a custom cash flow solution with custom pricing for each individual or company that requests it.

With that being said, I cannot emphasize enough, our appreciation for each of you, whether accredited or unaccredited. You have allowed us to do some great things, with most of them yet to come.  I hope that you can see, that LVC management has been faced with a very tough decision for the last few months, and we feel like the final decision has not only our past and current investors best interest in mind, but also ensuring the longevity of LVC for potential future investors.

Sincerely,

Cary Valerio
Co-Founder and Managing Member
Landmark Venture Capital, LLC

SM 91



136 East South Temple, Suite 2420
Salt Lake City, UT 84111
(801) 521-2520 Office
(801) 355-3420 Fax

April 9th, 2008

Subject:  April Investor Update

Dear Investor,

Thank you for your continuous support and confidence in Landmark Venture Capital (LVC) and the Managing Members of Bray-Conn Inc. As the Bray-Conn team is working hard to create new investment opportunities for you, the process of improving the business model of LVC is coming along well and we are very excited to announce that 'Operation Liber' is going to be a great prospect for you to become a more active investor with us. This new investment opportunity will allow us to better leverage our balance sheet, create more income, & generate higher profits, which in turn will provide higher returns for our investors in the long run.  Also, this joint venture opportunity will increase long term value while creating more security and income potential to our investors. Please contact me if you have any further questions in regards to this great opportunity.

We are committed to pay the 12% APR to those that have not received a full 12% to date and by the maturity of your promissory note. We understand that each of you not only have businesses to run, bills to pay, but also other investments that you are considering.  If you believe that it is in your best interest to request your principle, please contact me and I will get the process started.  As you are aware, we are requiring 6 months to withdraw principle and are working diligently to make sure that we will be able to return your principle for your cash calls.

As of today, we are excited to announce that the South Orchard Well is fully funded and is expected to begin producing oil by May, 2008. Dave Soper, President of Bray-Conn Investments, is actively seeking further funding for our additional wells, such as the Rosenberg prospect and the Highland prospect. We anticipate starting those projects as soon as possible.  If interested, those projects are available to you and you can either become a joint venture partner through investing new funds or wait until we open the opportunity for assignment to existing LVC investors.  This will give enable you to convert your debt to equity in these new producing oil wells with Bray-Conn Resources.  These opportunities have been created by LVC Management in order to create maximum value for all of its investors, and they will be available as a monthly (equity) cashflow option for you.  Our main focus is to ensure future success and longevity of the company, while at the same time ensuring the confidence of our investors in our ability to create value.

As of March 31st, 2008 we have officially closed Landmark Venture Capital to any new funds.  We will not be accepting any further funds into this Debt security from either new investors or existing investors.  It will remain closed until we are able to return to interest and profit sharing.  All future investments will be structured as equity instead of debt.

I am keeping a list of those interested in Operation Liber. In the near future, I will schedule a meeting with everyone interested, and have LVC Management share the process and answer any questions about this new opportunity. So, please let me know.

Sincerely,

*Josephine Schitkow*

Josephine Schitkow
Investor Relations

Page 1

SM 74

# Exhibit 8

Received:
05/15/08  17:22 FAX 80174807                                            May 15 2008 05:33pm                    ☑001

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

Borrower _____    Co-Borrower _____

## TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA   ☑ Conventional   ☐ Other (explain): ___ <br> ☐ FHA   ☐ USDA/Rural Housing Service | Agency Case Number | Lender Case Number |
|---|---|---|---|

| Amount $ 565,000  ~~1,600,000~~ TS | Interest Rate  % | No. of Months | Amortization Type: ☑ Fixed Rate  ☐ Other (explain): _ Due June 20th, 2008 <br> ☐ GPM  ☐ ARM (type): |

## PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, & ZIP) | No. of Units 1 |
|---|---|

Legal Description of Subject Property (attach description if necessary)
AS PER THE TITLE REPORT

Year Built 2007

| Purpose of Loan | ☑ Purchase  ☐ Construction  ☐ Other (explain): ___ <br> ☐ Refinance  ☐ Construction-Permanent | Property will be: ☑ Primary Residence ☐ Secondary Residence ☐ Investment |
|---|---|---|

**Complete this line if construction or construction-permanent loan.**

| Year Lot Acquired | Original Cost $ | Amount Existing Liens $ | (a) Present Value of Lot $ | (b) Cost of Improvements $ | Total (a+b) $ |
|---|---|---|---|---|---|

**Complete this line if this is a refinance loan.**

| Year Acquired | Original Cost $ | Amount Existing Liens $ | Purpose of Refinance | Describe Improvements ☐ made ☐ to be made <br> Cost $ |
|---|---|---|---|---|

Title will be held in what Name(s)
TAMIO LUCIEN STEHRENBERGER

Manner in which Title will be held
To be determined in escrow

Estate will be held in:
☑ Fee Simple
☐ Leasehold (show expiration date)

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)
Checking/Savings

## BORROWER INFORMATION / CO-BORROWER INFORMATION

| Borrower's Name (include Jr. or Sr. if applicable) <br> TAMIO LUCIEN STEHRENBERGER | Co-Borrower's Name (include Jr. or Sr. if applicable) |
|---|---|

| Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School 18 | Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School |
|---|---|---|---|---|---|---|---|

| ☑ Married (includes registered domestic partners) <br> ☐ Unmarried (includes single, divorced, widowed) <br> ☐ Separated | Dependents (not listed by Co-Borrower) <br> No. 0 <br> Ages | ☐ Married (includes registered domestic partners) <br> ☐ Unmarried (includes single, divorced, widowed) <br> ☐ Separated | Dependents (not listed by Borrower) <br> No. <br> Ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP)  ☑ Own ☐ Rent  2.5 No. Yrs. | Present Address (street, city, state, ZIP)  ☐ Own ☐ Rent  ___ No. Yrs. |
|---|---|

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|

**If residing at present address for less than two years, complete the following:**

| Former Address (street, city, state, ZIP)  ☐ Own ☐ Rent  ___ No. Yrs. | Former Address (street, city, state, ZIP)  ☐ Own ☐ Rent  ___ No. Yrs. |
|---|---|
| Former Address (street, city, state, ZIP)  ☐ Own ☐ Rent  ___ No. Yrs. | Former Address (street, city, state, ZIP)  ☐ Own ☐ Rent  ___ No. Yrs. |

Received:
05/15/08   17:23  FAX  80174807                    May 15 2008 06:34pm                    ✔002

## IV. EMPLOYMENT INFORMATION

| BORROWER | | | | CO-BORROWER | | |
|---|---|---|---|---|---|---|
| Name & Address of Employer | ☑ Self Employed | Yrs. on this job | | Name & Address of Employer | ☐ Self Employed | Yrs. on this job |
| LUXE AUTOMOTIVE GROUP 411 WEST 12300 SOUTH SUITE A600 DRAPER, UT 84020 | | 2 yr(s) 9 mth(s) Yrs. employed in this line of work/profession 8 | | | | Yrs. employed in this line of work/profession |
| Position/Title/Type of Business OWNER | | Business Phone (incl. area code) | | Position/Title/Type of Business | | Business Phone (incl. area code) |

*If employed in current position for less than two years or if currently employed in more than one position, complete the following:*

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|---|
| | | Monthly Income $ | | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | | Position/Title/Type of Business | | Business Phone (incl. area code) |

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|---|
| | | Monthly Income $ | | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | | Position/Title/Type of Business | | Business Phone (incl. area code) |

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|---|
| | | Monthly Income $ | | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | | Position/Title/Type of Business | | Business Phone (incl. area code) |

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|---|
| | | Monthly Income $ | | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | | Position/Title/Type of Business | | Business Phone (incl. area code) |

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ | $ | $ | Rent | | $ |
| Overtime | | | | First Mortgage (P&I) | | $ |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | | |
| Dividends/Interest | | | | Real Estate Taxes | | |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| Total | $ | $ | $ | Total | $ | $ |

\* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income    *Notice:* Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |

Received
05/15/08  17:23 FAX 80174807                                    May 15 2008 05:34pm                ☑003

## ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed by that spouse or other person also.

Completed ☐ Jointly  ☑ Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ | | | |
| | | **LIABILITIES** | Monthly Payment & Months Left to Pay | Unpaid Balance |
| *List checking and savings accounts below* | | Name and address of Company | $ Payment/Months | |
| Name and address of Bank, S&L, or Credit Union **BRAE** | | | | |
| | | Acct. no. | | |
| Acct. no. | $ 2,234,834 | Name and address of Company | $ Payment/Months | |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | |
| Stocks & Bonds (Company name/number description) | $ | | | |
| | | Acct. no. | | |
| | | Name and address of Company | $ Payment/Months | |
| Life insurance net cash value | $ | | | |
| Face amount: $ | | Acct. no. | | |
| **Subtotal Liquid Assets** | $ 2,234,834 | Name and address of Company | $ Payment/Months | |
| Real estate owned (enter market value from schedule of real estate owned) | $ | | | |
| Vested interest in retirement fund | $ | | | |
| Net worth of business(es) owned (attach financial statement) | $ | Acct. no. | | |
| Automobiles owned (make and year) | $ | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) | $ | Job-Related Expense (child care, union dues, etc.) | $ | |
| | | **Total Monthly Payments** | $ | |
| **Total Assets a.** | $ 2,234,834 | | $ 2,234,834 | **Total Liabilities b.** $ |

**Schedule of Real Estate Owned** (if additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | $ | $ |
| | | | | | | | |
| | | | | | | | |
| | Totals | $ | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

Fannie Mae Form 1003   07/05
CALYX Form Loanapp3.frm 09/05

Page 3 of 5

Borrower
Co-Borrower

Freddie Mac Form 65   07/05

05/15/08  17:23 FAX 80174807          Received          May 15 2008 05:35pm          @004

## VII. DETAILS OF TRANSACTION | VIII. DECLARATIONS

| VII. DETAILS OF TRANSACTION | | | VIII. DECLARATIONS | Borrower | | Co-Borrower | |
|---|---|---|---|---|---|---|---|
| | | | If you answer "Yes" to any questions a through i, please use continuation sheet for explanation. | Yes | No | Yes | No |
| a. Purchase price | $ | 1,800,000.00 | a. Are there any outstanding judgments against you? | | ☒ | ☐ | ☐ |
| b. Alterations, improvements, repairs | | | b. Have you been declared bankrupt within the past 7 years? | | ☒ | ☐ | ☐ |
| c. Land (if acquired separately) | | | c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | ☒ | ☐ | ☐ |
| d. Refinance (incl. debts to be paid off) | | | d. Are you a party to a lawsuit? | | ☒ | ☐ | ☐ |
| e. Estimated prepaid items | | | e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | ☒ | ☐ | ☐ |
| f. Estimated closing costs | | | | | | | |
| g. PMI, MIP, Funding Fee | | | | | | | |
| h. Discount (if Borrower will pay) | | | f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | | ☒ | ☐ | ☐ |
| i. Total costs (add items a through h) | | 1,800,000.00 | g. Are you obligated to pay alimony, child support, or separate maintenance? | | ☒ | ☐ | ☐ |
| j. Subordinate financing | | | h. Is any part of the down payment borrowed? | | ☒ | ☐ | ☐ |
| k. Borrower's closing costs paid by Seller | | | i. Are you a co-maker or endorser on a note? | | ☒ | ☐ | ☐ |
| l. Other Credits (explain) | | | j. Are you a U.S. citizen? | ☒ | | ☐ | ☐ |
| | | | k. Are you a permanent resident alien? | | ☒ | ☐ | ☐ |
| | | | l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☒ | | ☐ | ☐ |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | | 1,800,000.00 | m. Have you had an ownership interest in a property in the last three years? | ☒ | | ☐ | ☐ |
| n. PMI, MIP, Funding Fee financed | | | (1) What type of property did you own-principal residence (PR), second home (SH), or investment property (IP)? | | PR | | |
| o. Loan amount (add m & n) | | 1,800,000.00 | (2) How did you hold title to the home-solely by yourself (S), | | | | |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | | | jointly with your spouse (SP), or jointly with another person (O)? | | S | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors, or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

**Acknowledgement.** Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate purpose through any source, including a source named in this application or a consumer reporting agency.

**Right to Receive Copy of Appraisal.** I/We have the right to a copy of the appraisal report used in connection with this application for credit. To obtain a copy, I/we must send Lender a written request at the mailing address Lender has provided. Lender must hear from me/us no later than 90 days after Lender notifies me/us about the action taken on this application, or I/we withdraw this application.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | 5/15/08 | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | ☐ I do not wish to furnish this information | CO-BORROWER | ☐ I do not wish to furnish this information |
|---|---|---|---|
| **Ethnicity:** | ☐ Hispanic or Latino  ☒ Not Hispanic or Latino | **Ethnicity:** | ☐ Hispanic or Latino  ☐ Not Hispanic or Latino |
| **Race:** | ☐ American Indian or Alaska Native  ☐ Asian  ☐ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☒ White | **Race:** | ☐ American Indian or Alaska Native  ☐ Asian  ☐ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☐ White |
| **Sex:** | ☐ Female  ☒ Male | **Sex:** | ☐ Female  ☐ Male |

| To be Completed by Interviewer This application was taken by: ☒ Face-to-face interview ☐ Mail ☐ Telephone ☐ Internet | | Name and Address of Interviewer's Employer FIRST EQUITY FINANCIAL 11576 SOUTH STATE STREET #1002 DRAPER, UT 84020 (P) 801-562-5915 (F) 801-562-5923 |
|---|---|---|
| | Date 5/5/2008 | |

MY ACCOUNT
MY PROFILE
MY DOCUMENTS
SIGN OFF

## View Transfer Accounts of Tamlo Stehrenberger

Account  Transfer Account          Current Balance  $88,540.00

### Transactions

Reset sort    Reset search    Reset select

Search:                                    go    Amount:  10    ok

| Date | Type | Description | Debit | Credit | Balance |
|------|------|-------------|-------|--------|---------|
| 05/10/2007 | EARNINGS | Earnings Payment | | $69,240.00 | $0.00 |
| 05/09/2007 | DISBURSEMENT | | $69,240.00 | | ($69,240.00) |
| 04/10/2007 | DISBURSEMENT | | $62,970.00 | | $0.00 |
| 04/10/2007 | EARNINGS | Earnings Payment | | $62,970.00 | $62,970.00 |
| 03/10/2007 | EARNINGS | Earnings Payment | | $49,680.00 | $0.00 |
| 03/07/2007 | DISBURSEMENT | | $49,680.00 | | ($49,680.00) |
| 02/10/2007 | EARNINGS | Earnings Payment | | $43,680.00 | $0.00 |
| 02/07/2007 | DISBURSEMENT | | $43,680.00 | | ($43,680.00) |
| 01/10/2007 | EARNINGS | Earnings Payment | | $34,200.00 | $0.00 |
| 01/06/2007 | DISBURSEMENT | | $34,200.00 | | ($34,200.00) |

◄◄  ◄  21-30 ▼  ►  ►►

### ACH Transactions

Reset sort    Reset search    Reset select

Search:                                    go    Amount:  5    ok

1-1

https://apps.shortstacksoft.com/financial/brayconn-ui/control/viewbillingaccount?billingAccountId=10032

Page 1 of 1

MY ACCOUNT
MY PROFILE
MY DOCUMENTS
SIGN OFF

## View Transfer Accounts of Tamio Stehrenberger

Account  Transfer Account          Current Balance  $88,540.00

### Transactions

Reset sort  Reset search  Reset select

Search:                              go    Amount:  10    ok

| Date | Type | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|
| 05/10/2008 | EARNINGS | Earnings Payment | | $22,135.00 | $88,540.00 |
| 04/10/2008 | EARNINGS | Earnings Payment | | $22,135.00 | $66,405.00 |
| 03/10/2008 | EARNINGS | Earnings Payment | | $22,135.00 | $44,270.00 |
| 02/10/2008 | EARNINGS | Earnings Payment | | $22,135.00 | $22,135.00 |
| 01/10/2008 | EARNINGS | Earnings Payment | | $22,135.00 | $0.00 |
| 01/09/2008 | DISBURSEMENT | | $22,135.00 | | ($22,135.00) |
| 12/10/2007 | EARNINGS | Earnings Payment | | $22,135.00 | $0.00 |
| 12/09/2007 | DISBURSEMENT | | $22,135.00 | | ($22,135.00) |
| 11/10/2007 | EARNINGS | Earnings Payment | | $22,135.00 | $0.00 |
| 11/09/2007 | DISBURSEMENT | | $22,135.00 | | ($22,135.00) |

1-10

### ACH Transactions

Reset sort  Reset search  Reset select

Search:                              go    Amount:  5    ok

1-1

https://apps.shorestacksoft.com/financial/brayconn-ui/control/viewbillingaccount?billingAccountid=10032

Page 1 of 1

MY ACCOUNT
MY PROFILE
MY DOCUMENTS
SIGN OFF

## View Accounts of Tamio Stehrenberger

| Account | Investment Account | Current Balance | $2,213,500.00 |
|---|---|---|---|
| Monthly Int Rate | 1% | Interest Accrued This Month | $9,282.42 |

### Transactions

Reset sort   Reset search   Reset select

Search:              50    Amount: 10    ok

| – Date ^ | – Type ^ | – Description ^ | – Credit ^ | – Debit ^ | – Balance ^ |
|---|---|---|---|---|---|
| 09/30/2007 | DEPOSIT | Funds Deposited | $235,000.00 | | $2,213,500.00 |
| 08/31/2007 | DEPOSIT | Funds Deposited | $155,000.00 | | $1,978,500.00 |
| 08/16/2007 | DEPOSIT | Less Funds Deposited | $78,500.00 | | $1,823,500.00 |
| 07/31/2007 | DEPOSIT | Funds Deposited | $135,000.00 | | $1,745,000.00 |
| 06/30/2007 | DEPOSIT | Funds Deposited | $185,000.00 | | $1,610,000.00 |
| 05/31/2007 | DEPOSIT | Funds Deposited | $121,000.00 | | $1,425,000.00 |
| 04/30/2007 | DEPOSIT | Funds Deposited | $150,000.00 | | $1,304,000.00 |
| 03/31/2007 | DEPOSIT | Funds Deposited | $97,000.00 | | $1,154,000.00 |
| 03/14/2007 | DEPOSIT | Funds Deposited | $15,000.00 | | $1,057,000.00 |
| 02/28/2007 | DEPOSIT | Funds Deposited | $214,000.00 | | $1,042,000.00 |

« 1-10 ‹ ▲ › »

## View Transfer Accounts of Tamlo Stehrenberger

MY PROFILE
MY DOCUMENTS

SIGN OFF

Account  Transfer Account          Current Balance  $88,540.00

### Transactions

Reset sort   Reset search   Reset select

Search:                        go   Amount: 10   ok

| Date | Type | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|
| 10/10/2007 | EARNINGS | Earnings Payment | | $118,710.00 | $0.00 |
| 10/08/2007 | DISBURSEMENT | | $118,710.00 | | ($118,710.00) |
| 09/10/2007 | EARNINGS | | | $107,055.00 | $0.00 |
| 09/07/2007 | DISBURSEMENT | | $107,055.00 | | ($107,055.00) |
| 08/10/2007 | EARNINGS | Earnings Payment | | $96,600.00 | $0.00 |
| 08/09/2007 | DISBURSEMENT | Earnings Payment | $96,600.00 | | ($96,600.00) |
| 07/10/2007 | EARNINGS | | | $85,500.00 | $0.00 |
| 07/09/2007 | DISBURSEMENT | | $85,500.00 | | ($85,500.00) |
| 06/10/2007 | EARNINGS | Earnings Payment | | $78,240.00 | $0.00 |
| 06/08/2007 | DISBURSEMENT | | $78,240.00 | | ($78,240.00) |

◄◄ ◄ : 11-20 : ► ►►

### ACH Transactions

Reset sort   Reset search   Reset select

Search:                        go   Amount: 5   ok

1-1

05/14/2008 17:29 FAX                    Received:                    May 14 2008 05:34pm                    ☑003

# IRREVOCABLE LETTER OF ASSIGNMENT
# AND DISBURSEMENT

To:  Bray-Conn Investments, LLC
     Landmark Venture Capital, LLC

RE:  Tamio Stehrenberger
     Star Mountain Enterprises, LLC
     Account No. 10032

Please be advised that this letter is an Irrevocable Letter of Assignment and Disbursement
executed by the undersigned, in favor of EAG Investments, LLC, at 5911 South Fashion Blvd,
#200, Murray, UT 84107, (801) 288-1222. You are hereby directed to irrevocably segregate the
sum of $565,000.00 of the funds contained in Account No. 10032. These funds are to be solely
the property of EAG Investments, LLC, a Utah limited liability company. In the event that the
entire sum due is not paid and delivered on or before June 21, 2008, interest and penalties will
accrue on the amount due to EAG Investments, LLC which will increase the amount due and
will be subject to a written payoff demand to be provided by EAG Investments, LLC.

The funds contained in Account 10032 are to be disbursed pursuant to a cash call on the 18th day
of June, 2008. You are instructed that the sum of $565,000 (together with any interest owed, as
set forth above) shall be distributed according to the written demand of EAG Investments, LLC,
at 5911 South Fashion Blvd, #200 Murray, UT 84107. The undersigned hereby relinquishes any
and all claim to such funds required to pay the full amount due. This demand supersedes any
other demand made upon you and may not be revoked by any party, excepting EAG
Investments, LLC.

Dated this 15 day of May, 2008.



_____
Tamio Stehrenberger
Individually, and on behalf of Star Mountain
Enterprises, LLC

State of Utah              )
                           : ss.
County of Salt Lake        )

On the 15 day of May, 2008, personally appeared before me Tamio Stehrenberger,
invidually, and as Managing Member of Star Mountain Enterprises, LLC, who acknowledged to
me that he executed the foregoing.

```
HAWLEY L. MORSE
NOTARY PUBLIC-STATE OF UTAH
960 E. DIANA HILLS WAY
SANDY, UTAH 84094
COMM. EXP. 11-26-2011
```

_____
Notary Public

# TRUST DEED PROMISSORY NOTE

Date: **May 15, 2008**                                                      County of Salt Lake, State of Utah

## 1. PHYSICAL ADDRESS AND LEGAL DESCRIPTION:

Primary Collateral:

Irrevocable Letter of Assignment and Disbursement to Bray-Conn Investments, LLC regarding Star Mountain Enterprises, LLC Account No. 10032.

Secondary Collateral:

**Lot 25, DRAPER HEIGHTS, according to the official plat thereof on file and of record in the Salt Lake County Recorder's Office.**

**Together with that portion of vacated street abutting said Lot.**

**Tax ID # 34-07-429-003**

## 2. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $572,200.00 (this amount is called "principal"), plus interest, to the order of the EAG Investments, LLC.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Noted is called the "Note Holder".

## 3. INTEREST AND OTHER FEES
**Interest** will be charged on the unpaid balance of this Note until the full amount due has been paid if the Note is not paid by June 20, 2008 . I will pay interest at a yearly rate of **14.00%.** If the note is paid upon the "Maturity Date" no interest will be due. The daily interest will be calculated using a 365-day year. **A 14% origination fee** has been paid at closing.

## 4. PAYMENTS - Time and Place
I will make a payment of $200,000.00 within 7 business days from the date of this Note The remaining balance shall be paid in full by June 18, 2008 which is called the "Maturity Date". All payments will be applied to interest before principal.

I will make my payment at Mr. H. Rosen, Manager; EAG Investments, LLC; 5911 South Fashion Blvd., #200; Salt Lake City, Utah 84107, or at a different place if required by the Note Holder.

## 5. BORROWER'S RIGHT TO PREPAY
I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment". When I make a prepayment, I will tell the Note Holder in writing that I am doing so. The Note Holder will use my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in this promissory note unless the Note Holder agrees in writing to those changes.

## 6. LOAN CHARGES
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any

1

Borrower's Initials ___TS___                                         Date __5/15/08__

such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceed permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal balance owed under this Note or by making a direct payment to me. If a refund reduces principal, the reduction shall be treated as a partial prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of principal and interest by the maturity date, I will pay a late charge to the Note Holder in the amount of **$1,000.00, or 10.00%** of the balance owing, whichever is greater.

### (B) Default

If I do not pay the full amount owing under this Note on or before the Maturity Date, I will be in default. My default interest rate will then be **14.00%**; in addition to any late charges other charges to collect on the Note.

### (C) Extension

The Note Holder agrees to extend the all terms and conditions of the Note for an additional period of 30 days. I agree to pay a fee of **1.25%** of the total of the principal and unpaid interest as consideration for this extension.

### (D) Notice of Default

Late charges and default interest rates will immediately begin to accrue regardless whether or not the Note Holder has sent me a written notice telling me that I am in default.

### (E) Payment of Note Holder's Costs and Expenses

If I am in Default, the Note Holder will have the right to be reimbursed by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by law. Those expenses include, for example, reasonable attorney's fees. There will also be a **$100.00 check fee** for any check returned and not paid by the bank.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at (Borrower's Address): 441 W. 12300 S., STE A600, DRAPER, UT 84020

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 4 above, or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person, who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.

The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. INSURANCE

I agree to keep in force during the duration of this loan, standard fire insurance. This minimum insurance coverage will be the amount of this loan. I will provide to the Note Holder with a certificate from the insurer, showing the Note Holder as "additionally insured". Should I fail to provide this certificate of insurance to the Note Holder at the time I sign this Note, I authorize the Note Holder to obtain this insurance for me. I agree to pay all costs, fees and insurance premium associated with obtaining this insurance; and a fee to the Note Holder of $500.00 for obtaining the insurance coverage.

2

Borrower's Initials TS                                                  Date 5/15/08

**11. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payments of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid. In the event of legal action taken by the undersigned, I hereby waive my right to a trial by jury.

**12. SECURED OBLIGATION**

A Trust Deed on real property described in Section 1 secures this Note. The protections given to the Note Holder under the Deed of Trust (the "Security Instrument"), dated May 15, 2008, the same date as this Note, protects the Note Holder from possible losses if I do not keep the promises that I make in this Note.

**13. PURPOSE OF LOAN.** I certify that the purpose of this loan is for business and/or investment purposes only and is not a "residential mortgage loan" as defined by Utah statute, Title 61 Chapter 2c.

**14. MODIFICATIONS.** This Note may not be modified, altered, amended, extended or changed without the express written agreement of the Note Holder and the undersigned.

This note is secured by a Trust Deed of even date herewith.

Dated  5/15/08

Tamio Lucien Stehrenberger

Acknowledged by:

Philip A. Harvey

*Philip A. Harvey acknowledges the terms of this Note and understands a Trust Deed will also be recorded against his property located at 11276 South Pervenche Lane, South Jordan Utah 84095 to help secure the Note. Philip A. Harvey understands the effects this Trust Deed and Note will have in respect to his property.

Approved by:
EAG Investments, LLC

By: Hal Rosen
Its: Manager

3

Borrower's Initials  TS                                    Date  5/15/08

Exhibit 9



**document.request@gmail.com, 7/10/20 3:35 PM -0700, Electronic service - MANDATOR**    1

Date: Fri, 10 Jul 2020 15:35:21 -0700
To: tls421@gmail.com, michi.court@gmail.com
From: "document.request@gmail.com" <document.request@gmail.com>
Subject: Electronic service - MANDATORY Debtor's exam July 23, 2020
 (9:00am) 751 West Santa Ana Blvd., Santa Ana, CA 92701, subpoenas, and
 other documents
Cc: document.request@gmail.com


To:     Tamio Stehrenberger
From:   Michiko Stehrenberger

Please contact me directly within 24 hours to confirm you will be at the designated times and places
specified in the court orders and subpoenas so that the appropriate arrangements can be finalized
without incurring extra expense for reserving spaces and staffing, etc..

I can be reached at document.request@gmail.com and (206) 229-4415 and am available to discuss over the
weekend.

Thank you.


- Michiko

Per CA Rule of Court 2.251(c)(3), a party agrees to accept electronic service by
electronically filing any document with the court.

July 23, 2020 DEBTOR'S EXAM 9:00 am
Department CX103
Superior Court of California, County of Orange
Civil Complex Center - 751 West Santa Ana Blvd., Santa Ana, CA 92701
(please see attached court orders)

Subpoena for documents to be produced prior to the July 23 debtor's exam attached.

From the attached Order to Appear:

> To: Tamio Lucien Stehrenberger
> YOU ARE ORDERED TO APPEAR before this court as follows:
> a. personally at the continued date, time, and location indicated above.
> If you were served with a subpoena or notice for production of documents or an order to produce
> statement of statement of assets, and a timely motion to quash or objection has not been filed, you
> must serve the judgment creditor with the requested documents 7 days before the hearing.
>
> NOTE TO JUDGMENT DEBTOR OR THIRD PARTY: If you fail to appear at the time and place
> specified in this order, a warrant may be issued for your arrest, you may be held in
> contempt, and/or you may be ordered to pay penalties and/or or reasonable attorney
> fees incurred by yhe judgment creditor in this process.

As part of this service, here are the links to these other documents filed into the case, as were also
separately e-served upon you directly by the service provider.

Please review them promptly and provide your response as necessary.

Notice of Order and Order Continuing Examination for Enforcement of Judgment, Application and Order
for Appearance and Examination, related documents ordered to be served, Proof of Service upon judgment
debtor;

Proof of Service upon judgment debtor of Notice of Order and Order Continuing Examination for
Enforcement of Judgment, Application and Order for Appearance and Examination, related documents
ordered to be served;

Notice of Order and Order Continuing Examination for Enforcement of Judgment, Application and Order
for Appearance and Examination, other related documents served upon judgment debtor;

**document.request@gmail.com, 7/10/20 3:35 PM -0700, Electronic service - MANDATOR**                                 **2**

Subpoena (Duces Tecum) to Mr. Travis Agle/Custodian of Records, Proof of Service upon Mr. Agle, Notices to Consumers, Proofs of Service of Notices to Consumers;

Proof of Service upon judgment debtor of Subpoena to Mr. Travis Agle, Attachment 2, Proof of Service, Notices to Consumer;

Subpoena (Duces Tecum) to Custodian of Records/US Bank, Attachment 2, Proof of Service, Notices to Consumers, Proof of Service of Notices of Consumers;

Proof of Service upon judgment debtor of Subpoena to USBank, Attachment 3, Proof of Service, Notices to Consumer;

Subpoena (Duces Tecum) to Ryan Fuller/Custodian of Records for OPKIX, Inc., Attachment 2, Proof of Service, Notices to Consumers, Proof of Service of Notices to Consumers, CCP 1985.6(e) Notice to Employee;

Proof of Service upon judgment debtor of Subpoena to Ryan Fuller/Custodian of Records of OPKIX, Inc., Notices to Consumers, Proofs of Service of Notices to Consumers and CCP 1986.3(e) Notice to Employee;

Proof of Electronic Service

**POS-040**

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Michiko Stehrenberger (assignee of EAG Investments, LLC)<br>FIRM NAME:<br>STREET ADDRESS: c/o Daniel, 1990 Knoll Drive, Unit B<br>CITY: Ventura    STATE: CA    ZIP CODE: 93001<br>TELEPHONE NO.: (206) 229-4415    FAX NO.:<br>E-MAIL ADDRESS: document.request@gmail.com<br>ATTORNEY FOR (name): | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE |
|---|
| STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana, CA 92702<br>BRANCH NAME: Central Justice Center - Unlimited Civil |

| Plaintiff/Petitioner: EAG Investments, LLC | CASE NUMBER: |
|---|---|
| Defendant/Respondent: TAMIO LUCIEN STEHRENBERGER, et. al. | 30-2017-00904053-CU-EN-CJC |

| PROOF OF SERVICE—CIVIL | JUDICIAL OFFICER: |
|---|---|
| **Check method of service (only one):** | Honorable Sherri L. Honer |
| ☐ By Personal Service  ☐ By Mail  ☐ By Overnight Delivery | DEPARTMENT: |
| ☐ By Messenger Service  ☐ By Fax  ☒ By E-service (OneLegal) | C66 |

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age **and not a party to this action**.

2. My residence or business address is:

   200 Carr Drive, Ventura, CA 93001

3. ☐ The fax number from which I served the documents is (complete if service was by fax):

4. On (date): July 9, 2020    I served the following **documents** (specify):
   Original Application and Order for Appearance and Examination (4/23/2020); Order to Produce Statement of Assets and to Appear for Examination; Notice of Order and Order Continuing Examination and Enforcement of Judgment (7/23/2020)

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: Tamio Lucien Stehrenberger
   b. ☐ (Complete if service was by personal service, mail, overnight delivery, or messenger service.)

      Business or residential address where person was served:
      Per CA Rule of Court 2.251(c)(3)), a party agrees to accept electronic servce by electronically filing any document with the court.
   c. ☐ (Complete if service was by fax.)

      Fax number where person was served:

      ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means (specify):
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

Page 1 of 3

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

**POS-040**

| CASE NAME: | CASE NUMBER: |
|---|---|
| EAG INVESTMENTS, LLC v. TAMIO LUCIEN STEHRENBERGER, ET AL. | 30-2017-00904053-CU-EN-CJC |

6. b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

  c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

  f. ☒ By E-service through OneLegal service provider. The judgment debtor, Tamio Lucien Stehrenberger, has provided false addresses for personal service, and after a correct address for personal service was ascertained, has repeatedly evaded service on numerous occasions through the use of a video surveillance doorbell.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: <u>July 9, 2020</u>

<u>Jeremy Moore</u>
      (TYPE OR PRINT NAME OF DECLARANT)               ▶                    (SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

    At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

    I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____      ▶      _____
        (NAME OF DECLARANT)                          (SIGNATURE OF DECLARANT)

     **PROOF OF SERVICE—CIVIL**
**(Proof of Service)**     

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Civil Complex Center - 751 West Santa Ana Blvd, Santa Ana, CA 92701

PLAINTIFF:  EAG Investments, LLC

DEFENDANT:  Tamio Lucien Stehrenberger

| NOTICE OF ORDER AND ORDER CONTINUING EXAMINATION FOR ENFORCEMENT OF JUDGMENT | CASE NUMBER: |
|---|---|
| ☒ Judgment Debtor    ☐ Third Person | 30-2017-00904053 |

---

**TO THE PARTIES AND/OR THIRD PERSONS TO WHICH AN APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION, OR AN ORDER TO PRODUCE STATEMENT OF ASSESTS AND TO APPEAR FOR EXAMINATION, WAS PREVIOUSLY ISSUED:**

☒ The Application and Order for Appearance and Examination previously set for 4/23/2020 at 9:00 AM a.m./p.m. in Department C66 has been continued to 7/23/2020 at 9.00 a.m. a.m./p.m. in Department CX103 at the address shown above.

☐ The Order to Produce Statement of Assets and to Appear for Examination previously set for _____ at _____ a.m./p.m. in Department C66 has been continued to _____ at _____ a.m./p.m. in Department _____ at the address shown above.

**Order to Appear:**

1.  To: Tamio Lucien Stehrenberger

2.  YOU ARE ORDERED TO APPEAR before this court as follows:

   a.  ☒  personally at the continued date, time, and location indicated above.

   b.  ☐  remotely via video at the date, time, and location indicated above.  See attached REMOTE HEARING INSTRUCTIONS

3.  If you were served with a subpoena or notice for production of documents or an order to produce statement of statement of assets, and a timely motion to quash or objection has not been filed, you must serve the judgment creditor with the requested documents 7 days before the hearing.

> **NOTE TO JUDGMENT DEBTOR OR THIRD PARTY:  If you fail to appear at the time and place specified in this order, a warrant may be issued for your arrest, you may be held in contempt, and/or you may be ordered to pay penalties and/or or reasonable attorney fees incurred by the judgment creditor in this process.**

---

**NOTICE OF ORDER AND ORDER CONTINUING EXAMINATION FOR
ENFORCEMENT OF JUDGMENT**

**Service of this Notice:**

☒   Clerk shall give notice to judgment creditor.

☒   Judgment creditor must have this notice and order personally served on the judgment debtor or third party at least 10 days before the hearing.  If the judgment creditor wants to be able to ask the court to enforce the order on the judgment debtor or third party, this order must be served by a sheriff, marshal, or registered process server.

☐   Judgment creditor must also personally serve the REMOTE HEARING INSTRUCTIONS on the judgment debtor or third party at the time this notice and order is personally served.

**Filing Proof of Personal Service**

☒   Judgment creditor must file the following prior to the continued hearing date listed above:

☒   proof of personal service of the original Application and Order for Appearance and Examination.

☒   proof of personal service Order to Produce Statement of Assets and to Appear for Examination.

☒   proof of personal service of this Notice of Order and Order Continuing Examination for Enforcement of Judgment

☐   proof of personal service of the REMOTE HEARING INSTRUCTIONS.

IT IS SO ORDERED.

Dated: 05/27/2020

Hon. SHERRI L. HONER
Superior Court Judge

**NOTICE OF ORDER AND ORDER CONTINUING EXAMINATION FOR
ENFORCEMENT OF JUDGMENT**

Electronically Received by Superior Court of California, County of Orange, 12/16/2019 01:15:00 PM.
DAVID H. YAMASAKI, Clerk of the Court By Isia Vazquez, Deputy Clerk. 30-2017-00904053-CU-EN-CJC ROA # 43

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NO. | FOR COURT USE ONLY |
|---|---|---|
| NAME Michiko Stehrenberger (assignee of EAG Investments, LLC) | | |
| FIRM NAME | | |
| STREET ADDRESS c/o 215 S. Idaho Street | | |
| CITY Post Falls    STATE ID    ZIP CODE 83854 | | |
| TELEPHONE NO. (206) 229-4415    FAX NO. | | |
| E-MAIL ADDRESS document.request@gmail.com | | |
| ATTORNEY FOR (name) | | |

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 19 2019

DAVID H. YAMASAKI, Clerk of the Court

BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS 700 Civic Center Drive West
MAILING ADDRESS
CITY AND ZIP CODE Santa Ana, CA 92702
BRANCH NAME Central Justice Center - Unlimited Civil

PLAINTIFF EAG Investments, LLC

DEFENDANT Tamio Lucien Stehrenberger, et al

| APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION | CASE NUMBER |
|---|---|
| ☒ ENFORCEMENT OF JUDGMENT    ☐ ATTACHMENT (Third Person) | 30-2017-00904053-CU-EN-CJC |
| ☒ Judgment Debtor    ☐ Third Person | |

**ORDER TO APPEAR FOR EXAMINATION**

1. TO (name): TAMIO LUCIEN STEHRENBERGER
2. YOU ARE ORDERED TO APPEAR personally before this court, or before a referee appointed by the court, to
   a. ☒ furnish information to aid in enforcement of a money judgment against you.
   b. ☐ answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
   c. ☐ answer concerning property of the defendant in your possession or control or concerning a debt you owe the defendant that is subject to attachment.

| Date: April 23, 2020 | Time: 9:00AM | Dept. or Div.: C66 | Rm: Text 206-229-4415 to confirm |
|---|---|---|---|
| Address of court ☒ is shown above ☐ is: | | | |

3. This order may be served by a sheriff, marshal, registered process server, **or the following specially appointed person** (name):
   Any person exempted from registration under CA BPC § 22350(b), or if to be served outside CA, any person authorized by that state's laws

Date: 12/19/19                                           SHERRI L. HONER

| **This order must be served not less than 10 days before the date set for the examination.** |
|---|
| **IMPORTANT NOTICES ON REVERSE** |

**APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION**

4. ☐ Original judgment creditor    ☒ Assignee of record    ☐ Plaintiff who has a right to attach order
   applies for an order requiring (name): TAMIO LUCIEN STEHRENBERGER
   to appear and furnish information to aid in enforcement of the money judgment or to answer concerning property or debt.
5. The person to be examined is
   a. ☒ the judgment debtor.
   b. ☐ a third person (1) who has possession or control of property belonging to the judgment debtor or the defendant or (2) who owes the judgment debtor or the defendant more than $250. An affidavit supporting this application under Code of Civil Procedure section 491.110 or 708.120 is attached.
6. The person to be examined resides or has a place of business in this county or within 150 miles of the place of examination.
7. ☐ This court is **not** the court in which the money judgment is entered or (attachment only) the court that issued the writ of attachment. An affidavit supporting an application under Code of Civil Procedure section 491.150 or 708.160 is attached.
8. ☐ The judgment debtor has been examined within the past 120 days. An affidavit showing good cause for another examination is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 16, 2019

Michiko Stehrenberger (assignee of EAG Investments, LLC) ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF DECLARANT)

(Continued on reverse)                                    Page 1 of 2

**APPLICATION AND ORDER FOR
APPEARANCE AND EXAMINATION**
Code of Civil Procedure
§§ 491.110, 708.110, 708.120, 708.170
www.courts.ca.gov

AT-138/EJ-125

**Information for Judgment Creditor Regarding Service**

If you want to be able to ask the court to enforce the order on the judgment debtor or any third party, you must have a copy of the order personally served on the judgment debtor by a sheriff, marshal, registered process server, or the person appointed in item 3 of the order at least 10 calendar days before the date of the hearing, and have a proof of service filed with the court.

## IMPORTANT NOTICES ABOUT THE ORDER

### APPEARANCE OF JUDGMENT DEBTOR (ENFORCEMENT OF JUDGMENT)

**NOTICE TO JUDGMENT DEBTOR   If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.**

### APPEARANCE OF A THIRD PERSON (ENFORCEMENT OF JUDGMENT)

**(1) NOTICE TO PERSON SERVED   If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.**

**(2) NOTICE TO JUDGMENT DEBTOR   The person in whose favor the judgment was entered in this action claims that the person to be examined under this order has possession or control of property that is yours or owes you a debt. This property or debt is as follows *(describe the property or debt):***

**If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you must file your exemption claim in writing with the court and have a copy personally served on the judgment creditor not later than three days before the date set for the examination. You must appear at the time and place set for the examination to establish your claim of exemption or your exemption may be waived.**

### APPEARANCE OF A THIRD PERSON (ATTACHMENT)

**NOTICE TO PERSON SERVED   If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the plaintiff in this proceeding.**

### APPEARANCE OF A CORPORATION, PARTNERSHIP, ASSOCIATION, TRUST, OR OTHER ORGANIZATION

**It is your duty to designate one or more of the following to appear and be examined: officers, directors, managing agents, or other persons who are familiar with your property and debts.**



**Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation* (form MC-410). (Civil Code, § 54.8.)

AT-138/EJ-125 [Rev. January 1, 2017]

**APPLICATION AND ORDER FOR
APPEARANCE AND EXAMINATION
(Attachment—Enforcement of Judgment)**

Page 2 of 2

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

| Print this form | Save this form |
| --- | --- |

| Clear this form |
| --- |



**Sheriff's Office**

800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Scott T. Phillips**
Sheriff

7/17/2020

**Court Case # K19J-01198 JJC**
Sheriff # 20-003681

Fi Fa Attachment

## EAG INVESTMENTS, LLC
### vs
## TAMIO LUCIEN STEHRENBERGER

Entity - OPKIX, INC.

On 7/17/2020 at 12:00 PM a copy of the within writ together with a copy of the Fi Fa Attachment were served upon Amy McLaren, a representative for the registered agent NATIONAL REGISTERED AGENTS INC. 1209 N. ORANGE STREET WILMINGTON, DE 19801 .

Fees Paid:  $30.00

Per:  Deputy Sheriff, Ronald Fioravanti

SO ANS;

SHERIFF

PER   Dianne Roy