Michiko Stehrenberger, *Plaintiff*
2500 Blanchard Road
Santa Rosa Valley, CA 93012
document.request@gmail.com
(206) 229-4415

U.S. COURTS
JUN 10 2021
Rcvd_____Filed_____Time 10:30
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF IDAHO, BOISE DIVISION

| | |
|---|---|
| IN RE: TAMIO LUCIEN STEHRENBERGER, ANNA CHRISTINE STEHRENBERGER, Debtors. | Adversary case no. 20-06044-NGH<br>Chapter 7 case no. 20-00833-NGH |
| MICHIKO STEHRENBERGER, Plaintiff, v. TAMIO LUCIEN STEHRENBERGER, ANNA CHRISTINE STEHRENBERGER, Debtors/Defendants, STAR MOUNTAIN ENTERPRISES, LLC, an expired Utah entity managed by debtors, Defendant, JOHN DOES 1-100, Defendants. | PLAINTIFF'S **APPLICATION TO THE COURT CLERK AND/OR THE COURT FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT** AGAINST NON-APPEARING DEFENDANT STAR MOUNTAIN ENTERPRISES, LLC<br><br>FED. R. CIV. P. 55(a) and 55(b)(1) |

## RELIEF REQUESTED

Plaintiff Michiko Stehrenberger respectfully requests that the Clerk of this Court:

1. **Enter default under Fed. R. Civ. P. 55(a)** against the served but non-appearing defendant, Star Mountain Enterprises, LLC, utilizing the accompanying proposed *Entry of Default,* official court form B2600 (form 2600)(12/15).

2. **Enter a Default Judgment under Fed. R. Civ. P. 55(b)(1)** against the served but non-appearing defendant Star Mountain Enterprises, LLC, utilizing the proposed Judgm*ent by Default,* adapted from Official Court Form B2610A (Form 2610A)(12/15):

   (a) deeming Plaintiff's allegations in her Amended Adversary Complaint admitted as true,

   (b) adopting in its entirety the Utah state court's August 24, 2017 order, findings, and conclusions in which the state court designated its order as a final order under Utah R. Civ. P. 54(b) and determined that Star Mountain Enterprises, together with its Managers and Members, are jointly and severally liable under Utah Code Ann. § 61-1-22(4)(a) for having committed securities fraud and violations of the Utah Securities Act, Utah Code Ann. § 61-1-1, *et seq.*, and awarding statutory damages, including treble damages, interest, fees, costs, and other amounts under Utah Code Ann. § 61-1-22(1) and (2).

   (c) awarding Plaintiff the "sum certain" amount of $2,155,348.26 plus interest, fees, costs, and other amounts accruing after the September 11, 2020 petition date as pled in her *Amended Adversary Amended Complaint*, against Star Mountain Enterprises, and its jointly and severally liable Managers and Members,

   (d) determining that this Judgment and the dollar amounts related to it are non-dischargeable in bankruptcy under 11 U.S.C. § 523(a)(2), (4), (6), and (19).

   (e) determining that the Bankruptcy Court has jurisdiction and authority to enter final default and final Default Judgment, and to designate its default and Default Judgment as "final" under Fed. R. Civ. P. 54(b) for the purpose of any future appeal, and that Star Mountain Enterprises is deemed to have consented to the

Bankruptcy Court's authority to enter final Default Judgment upon Star Mountain Enterprises's failure to appear or defend, as decided in *Hopkins v. M&A Ventures (In re Hoku Corp.),* 15-08043-JDP, 2015 WL 8488949 at *2 (Bankr. D. Idaho Dec. 10, 2015).

(f) granting all other relief contained within the proposed *Judgment by Default*, as based upon the relief pled in the *Amended Adversary Complaint*.

FACTS AND DOCUMENTARY EVIDENCE IN SUPPORT OF DEFAULT

Plaintiff submits the *Declaration of Michiko Stehrenberger* in support of entry of default and default judgment accompanying this request setting forth the following facts:

1. The *Summons in an Adversary Proceeding* was issued by the Court Clerk on March 11, 2021 to defendant Star Mountain Enterprises, LLC using standard court form B2500A (Form 2500A)(12/15), which contains the prominent warning, bolded and in all caps:

   > IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

   Ex. 1, *court-issued Summons and certificate of service.*

2. Plaintiff's *Amended Adversary Complaint*, filed March 11, 2021, lists "Star Mountain Enterprises, LLC" as one of the defendants in the case caption, along with the two debtor-defendants Tamio Stehrenberger and Anna Stehrenberger. *Bankruptcy case docket # 63.*

3. Defendant Star Mountain Enterprises, LLC is an entity organized under the laws of the State of Utah, and is therefore not in the military service and is neither an infant nor an incompetent person. Ex. 2, *Utah Division of Corporations and Commercial Code entity information and Registered Agent; Declaration of Michiko Stehrenberger* at ¶21.

4. Star Mountain Enterprises, LLC's listed Registered Agent is Tamio Stehrenberger, Ex. 2, and Tamio is also a debtor in related bankruptcy case number 20-00833-NGH. *Dkt. #1.*

5. Tamio Stehrenberger listed his address of record in his Chapter 7 petition as "956 S. Lake Pointe Way, Eagle, ID 83616." Ex. 3, *Dkt # 1, page 2.*

6. Tamio Stehrenberger and Anna Stehrenberger, who are the two debtor-defendants in related bankruptcy case number 20-00833-NGH, are also listed on public records as the two Managers of defendant Star Mountain Enterprises in the public records maintained through the Utah Department of Commerce's *Registered Principal Search* results. Ex. 4 *Utah Department of Commerce public records.*

7. On March 11-12, 2021, under Fed. R. Bankr. P. 7004(b)(3) Plaintiff served the summons and *Amended Adversary Complaint* upon defendant Star Mountain Enterprises through its Registered Agent, Tamio Stehrenberger, by mail at his address of record, 956 S. Lake Pointe Way, Eagle, ID 83616, through U.S. Postal Service Priority Mail, with the tracking number 9405 5036 9930 0307 4104 57. Ex. 5.

8. The U.S. Postal Service's Priority Mail tracking service confirms that the U.S. Priority Mail tracked package number 9405 5036 9930 0307 4104 57 was delivered to the Eagle, ID address on March 15, 2021. Ex. 5, *public record tracking results through the usps.com website tracking system.*

9. Also on March 11-12, 2021, Plaintiff additionally served the summons and *Amended Adversary Complaint* upon then-counsel for the debtor-defendants Tamio and Anna, Mr. Joshua O'Hare of Foley Freeman, PLLC in Meridian, ID by U.S. Priority Mail, with tracking number 9405 5036 9930 0307 4104 33, and the U.S. Postal Service public record search results confirm its delivery to the Meridian address March 15, 2021. Ex. 5.

10. Both of the debtor-defendants, who are also the Managers and Members of defendant Star Mountain Enterprises, LLC, have confirmed their respective receipt of service of the summons and *Amended Adversary Complaint* containing the allegations against their company Star Mountain Enterprises, as follows:

   A. On May 3, 2021, debtor-defendant Tamio Stehrenberger acknowledged his receipt of the served summons and *Amended Adversary Complaint* containing allegations against both himself and his company Star Mountain Enterprises by appearing in the adversary case through new counsel and filing his *Answer,* but defendant Star Mountain Enterprises is not represented and did not appear or defend through Tamio's counsel.. Ex. 6; *Adv. case dkt. # 44.*

   B. Also on May 3, 2021, debtor-defendant Anna Stehrenberger acknowledged her receipt of the served summons and *Amended Adversary Complaint* by appearing in the adversary case through her separate new counsel and filing her *Motion to Dismiss* bearing the same case caption that lists her company "Star Mountain Enterprises" as one of her co-defendants, but appearing and defending only on her own individual behalf. Ex. 6; *Adv. case dkt. # 45.*

11. Under Fed. R. Bankr. P. 7012(a)'s 30-day deadline for Defendant Star Mountain Enterprises, LLC to appear and defend in the adversary case expired on April 12, 2021 (30 days after the Clerk's March 11, 2021 issuance of the summons). *Michiko Decl.* ¶ 13.

12. Defendant Star Mountain Enterprises did not appear or defend before expiration of the 30-day deadline under Fed. R. Bankr. 7012(a), and did not contact Plaintiff to request an

extension of time, and has been in default from April 13, 2021 forward. *Declaration of Michiko Stehrenberger* ¶ 14.

13. Plaintiff's *Amended Adversary Complaint* alleges a "sum certain" amount of $2,155,348.26, plus amounts accruing after the September 11, 2020 petition date, and prays for relief that these amounts be excepted from discharge against Defendant Star Mountain Enterprises and the jointly and severally liable parties under 11 U.S.C. § 523(a)(2)(fraud), (6)(willful and malicious injury) and (19)(securities fraud and violations of the Utah state securities act). *Dkt. # 63, allegations* ¶ 5, *Prayer for Relief* ¶ (a)-(c).

14. Plaintiff filed her *Proof of Claim* in the related bankruptcy case in which she presented an itemization of how the "sum certain" has been derived, based upon the Utah Securities Act's statutory damages formula under Utah Code Ann. § 61-1-22(1) and (2) and the Utah state court's August 24, 2017 final order authorizing treble damages, interest, fees, and costs. Ex. 7, *excerpted from Claims Register, no. 25; Michiko Decl.* at ¶ 16-19.

15. The dollar amount of damages accrued as of the debtor's September 11, 2021 petition filing date was alleged in ¶ 5 and *Prayer for Relief* ¶¶ (a)-(c) as $2,155,348.26, based upon the statutory damages formula, plus statutory daily interest accruing thereafter at the rate of $210.35 per day thereafter, plus fees and costs, until the judgment is paid in full. *Michiko Decl.* at ¶16-19.

16. No automatic stay or discharge bars the Bankruptcy Court from entering default and Default Judgment, as Star Mountain Enterprises's Chapter 7 case in the District of Utah (case number 19-24015) was closed November 13, 2020 and the Trustee's October 12, 2020 *Final Report* specified that under 11 U.S.C. § 727(a)(1) none of Star Mountain Enterprises's debts were entitled to discharge. Ex. 8; *Michiko Decl.* at ¶ 20.

## AUTHORITY IN SUPPORT OF THE CLERK'S ENTRY OF DEFAULT AND JUDGMENT BY DEFAULT

Fed. R. Bankr. P. 7004(b)(3) authorizes service of an adversary complaint to be made upon a company such as Star Mountain Enterprises, LLC "by mailing a copy of the summons and complaint to the attention of a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." Upon service of a complaint, Fed. R. Bankr. P. 7012(a) states that the defendant shall serve an answer within 30 days after issuance of the summonses. If a defendant fails to do so, Fed. R. Civ. P. 55 applies.

Fed. R. Civ. P. 55, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7055, requires the Clerk of the Court to enter a default against Star Mountain Enterprises, LLC because Star Mountain has failed to plead or otherwise defend in this case, as follows:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk <u>must</u> enter the party's default. (emphasis added)

Fed. R. Civ. P. 55(b)(1), also requires the Clerk of the Court to enter default judgment against Star Mountain Enterprises, as follows:

> (b) Entering a Default Judgment. (1) *By the Clerk*. <u>If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation</u>, the clerk —on the plaintiff's request, with an affidavit showing the amount due—<u>must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing</u> and who is neither a minor nor an incompetent person. (emphasis added)

Plaintiff submits the *Declaration of Michiko Stehrenberger* in support of entering the proposed *Entry of Default* and *Judgment by Default* in the "sum certain" amount of $2,155,348.26 plus amounts accruing since the September 11, 2020 petition date, along with determination that the debt be excepted from discharge under 11 U.S.C. § 523(a)(2),(6), and (19), and other relief as pled in the *Amended Adversary Complaint*.

## THE BANKRUPTCY COURT'S AUTHORITY TO ENTER FINAL JUDGMENT
## IN LIGHT OF STAR MOUNTAIN ENTERPRISES'S DEEMED CONSENT

Plaintiff's claims arise within the meaning of 28 U.S.C. § 1334 and resolution of all of the pled counts is necessary to adjudicating the nondischargeability of Plaintiff's *Proofs of Claim*, which are inextricably related to the bankruptcy case of the debtors and the Utah state court's August 24, 2017 final order declaring the debtors' joint and several liability for violations of the Utah Securities Act as Star Mountain Enterprises' Managers and Members. Ex. 1, ¶ 1-3,5-11.

The debtors specifically list Plaintiff's claims, which are related to Plaintiff's Utah state court case against them (listed by the debtors as "Overland v. Star Mountain & Tamio Stehrenberger"[1]) in their Chapter 7 petition and *Statement of Financial Affairs. Docket No. 1, page 54 of 73*. Plaintiff's claims against Star Mountain Enterprises therefore are "so related [to Plaintiff's claims against debtors Tamio Stehrenberger and Anna Stehrenberger] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194-95 (9th Cir. 2005); *In re Davis*, 177 B.R. 907, 912 (B.A.P. 9th Cir. 1995).

Under Fed. R. Civ. P. 42 regarding consolidation of cases, made application by Fed. R. Bankr. P. 7042, "[i]f actions before the court involve a common question of law or fact, the court may:(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay," and the claims against Star Mountain Enterprises may be consolidated with the claims against the two debtors, who are

---

[1] The complete Utah state case caption includes the same parties as in this adversary case (Plaintiff Michiko and all three Defendants Star Mountain, Tamio, and Anna): *Overland Associates, LLC; Ken Hsieh; Michiko Stehrenberger; Francine Yeh v. Star Mountain Enterprises, LLC; Tamio Stehrenberger; Anna Stehrenberger; Taanen, LP; Landmark Venture Capital, LLC; Bray-Conn, Inc.; Bray-Conn Commercial Properties, LLC; Bray-Conn Resources, LLC; Cary Anthony Valerio; Chadbourne William Albury; Mark Baca; and John Does 1-100*, in the Fourth Judicial District Court for the State of Utah case no. 160100092 (American Fork department) and related case numbers 080402986, 090401514, and 160400620 (Provo department).

also Star Mountain Enterprises's Managers/Members, to avoid unnecessary cost or delay in allowing this Court to consider adopting the entirety of the Utah state court's August 24, 2017 determination of securities fraud and violations of the Utah Securities Act, the statutory joint and several liability of Star Mountain Enterprises's Managers and Members under the Utah Securities Act's provision § 61-1-22(4)(a), and the Utah state court's award of treble damages and other amounts under the statutory damages formula, and for Bankruptcy Court to then determine that all of these amounts are nondischargeable under 11 U.S.C. § 523(a)(2),(6), and (19).

The Bankruptcy Court has authority to enter final orders and judgment against defaulting defendant Star Mountain Enterprises, LLC because Star Mountain is deemed to have consented to entry of default judgment against it through its receipt of service of the summons and complaint upon its Registered Agent, Tamio Stehrenberger. Under this Court's decision in *Hopkins v. M&A Ventures (In re Hoku Corp.)*, 15-08043-JDP, 2015 WL 8488949 at *2 (Bankr. D. Idaho Dec. 10, 2015), the defaulted Star Mountain Enterprises is deemed to have given its consent to entry of final judgment against it by the Bankruptcy Court. Star Mountain was duly served on March 15, 2021 with the required language within the form summons, which prominently warned Star Mountain Enterprises, in mandatory rather than permissive language, that Star Mountain Enterprises's failure to respond "will be deemed consent to entry of judgment by the Bankruptcy Court":

> IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

As this Bankruptcy Court continued in *Hopkins*:

> In the Court's opinion, whatever legal or other interests may require an Article III judge to enter a final judgment absent the parties' consent are

more than adequately served and protected by this sort of plain, bold warning to Defendant that its silence will be interpreted as consent to entry of a default judgment by the bankruptcy court.

This "scream or die" approach, which construes the lack of a party's timely objection after fair notice as implied consent, is a critical part of the procedural bedrock in America's bankruptcy courts. Here, since it received the summons and complaint, Defendant is presumably aware not only of the existence of this adversary proceeding and Plaintiff's claim, it must be assumed that Defendant is aware of its legal right to appear and defendant against the claim. The summons conspicuously warned Defendant that, if it elected to do nothing, "the bankruptcy court would consider its inaction as its consent to enter a default judgment against Defendant "for the relief demanded in the complaint.

*Hopkins*, at *2.

Additionally, Star Mountain Enterprises's two Managers and Members, debtor-defendants Tamio Stehrenberger and Anna Stehrenberger, through their respective counsel on May 3, 2021 filed an *Answer* and a *Motion to Dismiss,* respectively, through which Star Mountain Enterprises's two Managers and Members have each acknowledged receipt of service of the summons and *Amended Adversary Complaint* bearing the case caption naming Star Mountain Enterprises as a co-defendant, and the allegations against it, and thus Star Mountain Enterprises's Managers and Members made the conscious decision not to have appear through their counsel alongside them to defend itself in this adversary case.

Under Fed. R. Civ. P. 54(b), the Court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay," and Plaintiff's proposed default judgment includes the language required under Fed. R. Civ. P. 54(b) to designate this as a final default order and final default judgment for the purpose of any appeal deadline.

## COLLATERAL ESTOPPEL PRECLUDES RE-LITIGATION OF THE JOINT AND SEVERAL LIABILITY UNDER THE UTAH SECURITIES ACT

Upon Star Mountain Enterprises's default, all of Plaintiff's allegations against it are deemed admitted, including the substance of the Utah state court's August 24, 2017 order determining Star Mountain Enterprises and its Managers and Members (identified as Tamio Stehrenberger and Anna Stehrenberger) as being jointly and severally liable for violations of the Utah Securities Act, and awarding treble damages and other amounts under the Utah Securities Act's statutory damages formula–all facts which satisfy the elements for nondischargeability under 11 U.S.C. § 523(a)(19) and related provisions. Also alleged are that the Utah state court designated its order as final under Utah R. Civ. P. 54(b) and that none of the defendants appealed.

In addition to the allegations being deemed admitted upon default, the Court may also take judicial notice under Fed. R. Evid. of the Utah state court's August 24, 2017 order (filed as *Amended Adversary Complaint Ex. 1*) to independently determine that the Plaintiff has set for the elements necessary to establish preclusion on the exact issue of the joint and several liability of Star Mountain Enterprises's Managers and Members for violations of the Utah Securities Act, and identifying those Managers and Members as Tamio Stehrenberger and Anna Stehrenberger. Plaintiff has therefore provided the Court with "a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." *In re Plyam*, 530 B.R. 456, 462 (9th Cir. BAP 2015) (citing *In re Harmon*, 250 F.3d at 1245).

The Court is not being asked to make the securities violation liability determination from scratch, when the liability has already been litigated in a non-bankruptcy forum:

> [W]hen § 523(a) subsections require a memorialized liability determination, bankruptcy courts do not litigate the underlying claim. In those situations, <u>the bankruptcy court merely determines the underlying claim was established in a non-bankruptcy forum and satisfies any other requirements found within § 523(a)</u>. (emphasis added)

*Ellsworth v. Anderson (In re Anderson)*, no. 10-20651-TLM (Aug.1, 2012, p. 8), citing *Faris v. Jafari (In re Jafari)*, 401 B.R. 494, 496-97 (Bankr. D. Colo.2009).

Because Star Mountain and its Managers and Members chose not to appeal the Utah state court's August 24, 2017 final determination of their joint and several liability for fraud and violations of the Utah Securities Act at the state court level, there are no meritorious defenses against default remaining to them in this case either.

### THE UTAH SECURITIES ACT IMPOSES STRICT LIABILITY UPON STAR MOUNTAIN ENTERPRISE'S "PARTNERS, OFFICERS, AND DIRECTORS" AND THE NON-DEFAULTED MANAGERS HAVE NO MERITORIOUS DEFENSES

The Utah Securities Act, Utah Code Ann. § 61-1-1, *et seq.*, essentially imposes strict liability upon "every partner, officer, or director" of an entity that sells a security.

Plaintiff's well-pled allegations quote from debtors Tamio Stehrenberger's and Anna Stehrenberger's separate *Amended Answer* admissions, public records, and other judicial admissions filed into the Utah state court related cases. The Court may take judicial notice and determine that facts sufficient to independently confirm the Utah state court's August 24, 2017 final order that Tamio and Anna are jointly and severally liable for violations of the Utah Securities Act under Utah Code Ann. § 61-1-22(4)(a) have been pled.

As cited in the *Amended Adversary Complaint* at ¶¶ 27-28), Utah Code Ann. § 61-1-22(4)(a), sets forth its elements of proof for holding Star Mountain Enterprises's Managers Tamio and Anna jointly and severally liable:

> Every person who directly or indirectly controls a seller or buyer liable under Subsection (1), <u>every partner, officer, or director of such a seller</u> or buyer, <u>every person occupying a similar status or performing similar functions,</u> every employee of such a seller or buyer who materially aids in the sale or purchase, and every broker-dealer or agent who materially aids in the sale or purchase <u>are also liable jointly and severally with and to the same extent as</u>

<u>the seller</u> or purchaser, unless the non-seller or non-purchaser who is so liable sustains the burden of proof that the non-seller or non-purchaser did not know, and in exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.

*Utah Code Ann. § 61-1-22(4)(a)*(emphasis added).

*Steenblik v. Lichfield*, 906 P.2d 872, 876-77 (Utah 1995) clarifies this strict liability standard:

<u>Thus, a partner, an officer, a director, a person of similar status or function, or a seller of securities is liable for violations committed by the entity</u> unless that person proves the affirmative defense that he lacked knowledge of the unlawful acts. . . .Utah Code Ann. § 61-1-22(2) deviates from the federal act by <u>expressly imposing liability on every partner, officer, director, or the like</u>. The plaintiff need not demonstrate that such a person was <u>able</u> to control the transaction.

In addition to Plaintiff's undisputed allegations, the Court may take judicial notice under Fed. R. Evid. 201 that Tamio Stehrenberger and Anna Stehrenberger have each admitted to being the Managers of Star Mountain Enterprises in their *Answer* in Utah state court case 080402986, as alleged in *Am. Adv. Compl.* ¶ 7, 28, and that they filed their admissions establishing that they each were actively involved in the selling of the securities and had received the investment's written "high-risk" warnings but failed to disclose the existence of those "high-risk" warnings to Plaintiff and the other investors harmed. *Am. Adv. Compl.* ¶ 64,68,73,74,76,78, which, together with Plaintiff's allegations of reliance and damages suffered at ¶ 93,158, meet the required elements of proof for a fraud claim. The Court may also take judicial notice of Star Mountain Enterprises's *Articles of Organization* filed as public records with the Utah Department of Commerce in 2006 identifying Tamio and Anna each as Star Mountain's two members, and the Utah Department of and public records lists them as Star Mountain Enterprises's Managers as of 2009, *Am. Adv. Compl.* ¶ 36 and *Am. Adv. Compl. Ex. 2*, encompassing the relevant period of the sale of the Star Mountain-issued securities.

Under Utah Securities Act's "anti-fraud" provision, Utah Code Ann. § 61-1-1(2), there is

no additional requirement imposed for the Plaintiff to prove additional scienter or willfulness with regard to the misrepresentation or omission of a material fact in connection with the sale of the security. *State v. Larsen*, 865 P.2d 1355, 1358 n. 3 (Utah 1993).

However, the Utah state court has also determined that Star Mountain Enterprises and its Managers' and Members' misrepresentations and omissions regarding failing to disclose the written "high-risk" warnings they had received were made "intentionally and recklessly" in its August 24, 2017 ¶3,5 incorporating by reference Plaintiff's allegation ¶ 303 from her August 15, 2016 state court *Amended Complaint*), which supports that court's award of treble damages under Utah Code Ann. § 61-1-22(2) in addition to the other statutory damages awarded under Utah Code Ann. § 61-1-22(1). Significant to this determinations is that Star Mountain Enterprises and its Managers and Members, Tamio Stehrenberger and Anna Stehrenberger, chose not to appeal the joint and several liability for the treble damages award portion either, and are therefore bound by the state court's award.

Any equitable concerns for the rights and defenses of the non-defaulted parties' rights are readily resolved, as debtors Tamio and Anna had already litigated the Utah state court cases for over a decade on the exact same issues of the joint and several liability under the Utah Securities Act and had received a full and fair opportunity to defend, and chose not to appeal the same Utah state court's August 24, 2017 final order and award that now forms the basis of Plaintiff's request for exception to discharge. Further, Tamio and Anna have timely appeared through counsel in this adversary case, and Utah Code Ann. § 61-1-22(4)(a) provides them with specific statutory defenses if they can satisfy the requirements. The non-defaulted defendants suffer no prejudice by this Court's entry of a Default Judgment that simply adopts the Utah state court's same joint and several liability determination that they already chose not to appeal back in 2017.

## EVIDENCE ESTABLISHING DAMAGES AND AMOUNTS TO BE EXCEPTED FROM DISCHARGE UNDER 11 U.S.C. § 523(a)(2), (6), and (19)

Plaintiff has calculated damages of the "sum certain" amount of $2,155,348.26 accrued up through the September 11, 2020 petition date, with interest, fees, and costs accruing thereafter and set forth an itemization of each section of the Utah Securities Act's statutory damages formula awarded by the Utah state court under Utah Code Ann. § 61-1-22(1) and (2) along with her February 26, 2021 *Proof of Claim* (Claims Register no. 25), excerpted as Ex. 7. The debtors have not filed any objection to the dollar amount of Plaintiff's claim.

## CONCLUSION

Based upon the foregoing, Plaintiff Michiko Stehrenberger respectfully requests the Clerk or the Court enter her accompanying proposed ***Entry of Default*** **(using Official court form B2600 (form 2600)(12/15))** and ***Judgment by Default*** **(as adapted from Official Court Form B2610A (Form 2610A)(12/15)** verbatim, including designation of a final default and final judgment judgment under Fed. R. Civ. P. 54(b) and the award of additional fees and costs in litigating this adversary case and the related bankruptcy case.

Respectfully submitted June 7, 2021,

Michiko Stehrenberger, Plaintiff-creditor
document.request@gmail.com / (206) 229-4415

## CERTIFICATE OF SERVICE

Consistent with Fed. R. Bankr. P. 7055, incorporating Fed. R. Civ. P. 55(a),(b)(1), and (b)(2), Plaintiff is not required to serve advance notice of this request for entry of default and default judgment upon the defaulted parties who have not appeared in this case, and Plaintiff therefore abides by the rule.

Michiko Stehrenberger