Alexandra O. Caval, ISB#7999
Caval Law Office, P.C.
P.O. Box 1716
Twin Falls, ID 83303-1716
T: 208.733.2035
F: 208.733.3919
alex@cavallawoffice.com

*Attorney for Defendant Anna Stehrenberger*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:**<br><br>**TAMIO L. STEHRENBERGER**<br>**ANNA C. STEHRENBERGER,**<br><br>    **Debtors.** | **Chapter 7**<br><br>**Case No. 20-00830-NGH-JMM** |
| **MICHIKO STEHRENBERGER,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**TAMIO L. STEHRENBERGER**<br>**ANNA C. STEHRENBERGER,**<br><br>    **Defendants,**<br><br>**STAR MOUNTAIN ENTERPRISES, LLC,**<br>an expired Utah entity managed by debtors,<br>    **Defendant,**<br><br>**JOHN DOES 1-100,**<br>    **Defendants.** | **Adversary Case No. 20-06044-NGH** |

### DEFENDANT ANNA STEHRENBERGER'S BRIEF REGARDING SUBJECT MATTER JURISDICTION OVER STAR MOUNTAIN ENTERPRISES, LLC.

COMES NOW Defendant Anna Stehrenberger and submits this memorandum on the issue of the Court's subject matter jurisdiction to enter a default judgment against non-appearing defendant, Star Mountain Enterprises, LLC. In support of her brief the Defendant states as follows:

### BACKGROUND

The underlying chapter 7 case was initiated by Tamio and Anna Stehrenberger. It is a jointly administered individual chapter 7 bankruptcy case. The Plaintiff initiated this adversary case on December 11, 2020 by filing a complaint for nondischargeability pursuant to multiple sections of 11 U.S.C. §523(a). (Dkt. No. 1). The original defendants did not include Star Mountain Enterprises, LLC. *Id*. In response to a Motion to Dismiss, the Plaintiff filed an amended complaint on March 11, 2021 (Dkt. No. 24). In the amended complaint, Plaintiff added Star Mountain Enterprises, LLC as a party. *Id*. Star Mountain Enterprises, LLC has not appeared in this adversary case and has not either explicitly or implicitly consented to any adjudication by this Court. Plaintiff seeks a default judgment against Star Mountain Enterprises, LLC. (Dkt. No. 52). Plaintiff alleges that Star Mountain Enterprises LLC has violated Utah Securities laws. *Id*. Plaintiff further seeks a $2,155,438.26 judgment against Star Mountain Enterprises LLC, joint and several liability for its members (the debtors), interest, and an exception to the discharge for debt allegedly owed to her by Star Mountain Enterprises, LLC. *Id*.

### LEGAL ARGUMENT

I.  **This Court lacks subject matter jurisdiction to enter a default judgment against Star Mountain Enterprises, LLC because the Plaintiff's claims against Star Mountain do not "arise under," "arise in," or "related to" title 11 and the claims have no effect on the estate of the debtors.**

28 U.S.C. §1334(a) provides that federal district courts have exclusive jurisdiction of cases under title 11 (the Bankruptcy Code), and §1334(b) provides that they have "original but not

exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §157(a) provides that the district court can confer any or all of those matters to the bankruptcy court in its district. The District Court has referred all such actions to this Bankruptcy Court. See 28 U.S.C. §157(a); General Order No. 349.

Bankruptcy courts have jurisdiction over civil proceedings "arising under," "arising in," or "related to" title 11. 28 U.S.C. §157(b)(1), (c)(1). "Arising under title 11" described those proceedings that involve a cause of action created or determined by a statutory provision of the bankruptcy code." See *In re Harris*, 590 F.3d 730, 737 (9th Cir. 2009). Proceedings "arising in" a bankruptcy case are generally referred to as "core proceedings" and essentially are proceedings that would not exist outside of bankruptcy. See *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d. 1189, 1193 (9th Cir. 2005); *see also Battleground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d. 1124, 1131 (9th Cir. 2010). A non-exhaustive list of core proceedings is set out in 28 U.S.C. §157, which includes "matters concerning the administration of the estate." *28 U.S.C. §157(b)(2)(A)*. A bankruptcy court can enter final judgments in core proceedings. *28 U.S.C. §157(b)*.

The bankruptcy court also has jurisdiction over non-core proceedings that are "related to" a bankruptcy case. *In re Pegasus Gold Corp.*, 394 F.3d at 1193.

> [T]he test is whether...the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts the handling and administration of the bankrupt estate.

*Id.* (quoting *Fietz v. Great W. Savings (In re Feitz)*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting the "Pacor test" derived from *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). The U.S. Supreme Court endorsed the *Pacor* test with the caveat that "related to" jurisdiction "cannot be

limitless" and that the critical component of the *Pacor* test is that "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Celotex Corp. v. Edwards*, 514 U.S. 300, 3008 & n. 6 (1995). In non-core proceedings the bankruptcy court must make findings of fact and conclusions of law and send the ruling to the district court for de novo review. *28 U.S.C. §157(c)*. Additionally, when confronted with a non-core proceeding, the bankruptcy court may enter final judgments if the parties consent. See *Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)* 573 U.S. 25 (2014).

The Plaintiff's allegations against Star Mountain Enterprises are for violations of Utah securities statutes; she asks this Court to enter a monetary judgment against Star Mountain in excess of two million dollars. This claim is purely a state law claim. The Plaintiff's claims therefore cannot "arise under" title 11 because the cause of action is not created by the bankruptcy code.[1]

The Plaintiff's claims against Star Mountain also do not "arise in" the bankruptcy case because it is not a core proceeding outlined in 28 U.S.C. §157. Proceedings "arising in" a bankruptcy case are those that could not exist outside of a bankruptcy case, but that are not created by the bankruptcy code. See *Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.)*, 86 F.3d 364, 371 (4th Cir. 1996). Proceedings "arising in" a bankruptcy case are considered core proceedings because they affect the administration of the estate in some fashion. Among the list of proceedings identified as a "core" is the determination of dischargeability of particular debts. See *28 U.S.C. §157(b)(2)(I)*. However, that dischargeability determination must with respect to the debtors in the underlying case. Therefore, under §157(b)(2)(I) this Court has jurisdiction to determine whether Anna and Tamio's debts are dischargeable because they are debtors in the chapter 7 case. Star Mountain Enterprises, however, is not a debtor in this case. Additionally,

---

[1] Examples of causes of action created by the bankruptcy code include but are not limited to those contained in §§ 522, 525, 544, 547, 548, 549.

dischargeability determination can only be made with respect to individual debtors only per the plain language of the statute. See 11 U.S.C. §523(a). Therefore, the Plaintiff's pursuit of a money judgment against Star Mountain is not a core proceeding under §157 and this Court does not have jurisdiction over Star Mountain that "arises in" the debtors' case.

Lastly, non-core proceedings are those that fall into the "related to" category of jurisdiction. Here, Plaintiff seeks a money judgment against a non-debtor third party who has not appeared or consented to the jurisdiction of this Court. The Plaintiff's claims against Star Mountain Enterprises, LLC do not involve a dispute over estate property nor do the claims have any effect upon the debtors' estate. In short, the Plaintiff's claims against Star Mountain exceed the limits of the "related to" jurisdiction of this Court.

## CONCLUSION

For the foregoing reasons, Defendant Anna Stehrenberger respectfully requests that this Court find that it lacks subject matter jurisdiction to enter a default judgment against Star Mountain Enterprises, LLC and further dismiss Star Mountain Enterprises, LLC from this adversary case.

DATED: July 26, 2021

                                             */s/ Alexandra O. Caval*
                                             Attorney for Defendant Anna Stehrenberger

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 26th day of July, 2021, I cause to be served a true and correct copy of the foregoing document by the method indicated below, and address to the following:

| | | |
|---|---|---|
| Michiko N. Stehrenberger | _X_ | US Mail |
| 2500 Blanchard Dr. | _X_ | Email |
| Santa Rosa Valley, CA 93012 | | |
| | | |
| Blair Clark | ___ | US Mail |
| dbc@dbclarklaw.com | ___ | Email |
| Attorney for Tamio Stehrenberger | _X_ | CM/ECF |

                                       */s/ Alexandra O. Caval*
                                       Attorney for Defendant Anna Stehrenberger