# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**TAMIO L. STEHRENBERGER and ANNA C. STEHRENBERGER,**<br><br>    Debtors. | Case No. 20-00833-NGH |
| **MICHIKO STEHRENBERGER,**<br><br>    Plaintiff,<br><br>v.<br><br>**TAMIO L. STEHRENBERGER, ANNA C. STEHRENBERGER, TIMOTHY R. KURTZ, INTERNAL REVENUE SERVICE, STAR MOUNTAIN ENTERPRISES, LLC, and JOHN DOES 1-100,**<br><br>    Defendants, | Adv. No. 20-06044-NGH |

## SUMMARY ORDER

On February 7, 2022, this Court entered its oral ruling on Defendant Anna Stehrenberger's motion to dismiss, Doc. No. 98. In the ruling, the Court raised an issue the parties had not addressed concerning Federal Rule of Civil Procedure 4(m) and Plaintiff Michiko Stehrenberger's failure to serve the Internal Revenue Service ("IRS") and Timothy Kurtz, the chapter 7 trustee ("Trustee"), as named defendants, within 90

SUMMARY ORDER - 1

days of filing her complaint. As set forth in further detail in the oral ruling, Civil Rule 4(m) requires the Court to dismiss those defendants from this adversary proceeding, without prejudice, unless Plaintiff can show good cause for her failure to properly serve them. Consequently, the Court provided Plaintiff fourteen days to show good cause why the IRS and Trustee should not be dismissed from this adversary proceeding based on Plaintiff's failure of service, why Count 10 of the Second Amended Complaint[1] only involving those defendants should also not be dismissed, and why defendants Anna Stehrenberger and Tamio Stehrenberger should be required to respond to paragraphs 653–671 of the Second Amended Complaint which relate to Count 10 only. *See* Doc. No. 128.

The Court evaluates good cause under Civil Rule 4(m) on a case-by-case basis, looking at actual notice to defendants, prejudice to defendants if time for service is extended, and prejudice to the plaintiff if the complaint is dismissed. *In re Sheehan,* 253 F.2d 507, 512 (9th Cir. 2001). Here, the Court focuses specifically on (1) whether dismissal of the IRS and Trustee would prejudice Plaintiff; and (2) the impact extending the time for service would have on the defendants in this adversary proceeding. After considering Plaintiff's supplemental brief on this issue, Doc. No. 134, the Court

---

[1] Count 10 of the Second Amended Complaint is the only count asserted against the IRS and Trustee and seeks to determine the priority, validity, and extent of the liens encumbering estate property, including a statutory tax lien claimed by the IRS in its proof of claim and Plaintiff's asserted liens documented in her proof of claims. All the other counts are asserted against defendants Anna Stehrenberger and Tamio Stehrenberger and seek to except certain debts from discharge pursuant to § 523 of the Bankruptcy Code.

SUMMARY ORDER - 2

concludes Plaintiff has not demonstrated the required good cause as to her failure to serve the IRS, and the Court will not exercise its discretion to extend the time.

Plaintiff urges the Court to conclude Civil Rule 4(m) does not apply to her failure to serve Trustee due to an informal agreement she had with Trustee in which he waived service of summons. Indeed, Trustee filed a Waiver of Service of Summons on February 16, 2022, which apparently memorialized that informal agreement including Trustee's ability to file an answer at a later undetermined date. Trustee asserts the waiver is retroactive and occurred within the time period for service. However, even if Trustee's retroactive waiver of service confers this Court with personal jurisdiction over Trustee and renders Civil Rule 4(m) inapplicable as to him, service on the IRS remains at issue.

Plaintiff's supplemental brief provides little explanation of good cause for her failure to serve the IRS. Instead, Plaintiff focuses on good cause to retain Count 10 and extend time for service based on allegations that the IRS recorded a release of its tax lien after it filed its proof of claim. She argues there is good cause not to dismiss Count 10 from this adversary proceeding so the IRS can be brought to answer for its failure to amend its proof of claim. She further argues that resolving the priority of liens encumbering estate property will aid the Trustee in administering the case and relieve the estate of the cost and expense of pursuing a similar adversary proceeding against the IRS.

If the Court were to extend the time for service on the IRS and proceed with Count 10 of the Second Amended Complaint, it appears from Plaintiff's supplemental brief that she would need to further amend the complaint to account for her most recent assertion that the IRS released its tax lien. This would further delay the resolution of all other

SUMMARY ORDER - 3

counts asserted in the Second Amended Complaint as to Anna Stehrenberger and Tamio Stehrenberger. As noted, Count 10 of the Second Amended Complaint is the only count asserted against the IRS and Trustee, and there is little reason for it to remain part of this adversary proceeding.

Rather than extend the time for service on the IRS under Civil Rule 4(m) and permit Plaintiff to amend her complaint a third time to address the lien priority issues in this proceeding, the Court finds the interests of justice are best served by dismissing the IRS, and ultimately Trustee and Count 10, from this adversary proceeding as the IRS is a necessary party to resolve Count 10. This dismissal is without prejudice. If Plaintiff is so inclined, she may file a separate adversary proceeding with a properly served summons and complaint to pursue the matters asserted in Count 10. This has the effect of separating Plaintiff's lien priority litigation against the IRS and Trustee from her nondischargeability litigation against Anna Stehrenberger and Tamio Stehrenberger, and it permits the nondischargeability litigation to move forward without further delay. Dismissal without prejudice also preserves Plaintiff's ability to refine her allegations involving Count 10.

Paragraphs 653–671 of the Second Amended Complaint all relate to Count 10, the purported IRS tax lien, and the amount of the IRS' claim. Because the Court is dismissing Count 10 from the Second Amended Complaint, the Court will not require defendants Anna Stehrenberger and Tamio Stehrenberger to respond to the allegations included in paragraphs 653–671 of the Second Amended Complaint.

Based on the foregoing:

SUMMARY ORDER - 4

1.      The IRS is dismissed from this adversary proceeding pursuant to Civil Rule 4(m);

2.      As a result of the dismissal of the IRS, the Court also dismisses Trustee and Count 10 of the Second Amended Complaint;

3.      Defendants Anna Stehrenberger and Tamio Stehrenberger shall not be required to respond to paragraphs 653–671 of the Second Amended Complaint; and

4.      Consistent with Federal Rule Bankruptcy Procedure 7015(a)(3), Anna Stehrenberger and Tamio Stehrenberger shall file a responsive pleading to the Second Amended Complaint within 14 days of the entry of this order.

IT IS SO ORDERED.

DATED:  March 1, 2022



_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

SUMMARY ORDER - 5