UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**TAMIO L. STEHRENBERGER** and **ANNA C. STEHRENBERGER,**<br><br>    Debtors. | Case No. 20-00833-NGH<br><br>Chapter 7 |
| **MICHIKO STEHRENBERGER,**<br><br>    Plaintiff,<br><br>v.<br><br>**TAMIO L. STEHRENBERGER, ANNA C. STEHRENBERGER, TIMOTHY R. KURTZ, INTERNAL REVENUE SERVICE, STAR MOUNTAIN ENTERPRISES, LLC AND JOHN DOES 1-100,**<br><br>    Defendants. | Adv. No. 20-06044-NGH |

**MEMORANDUM OF DECISION DETERMINING MOTION FOR STAY PENDING APPEAL WILL BE DENIED**

**INTRODUCTION**

On April 17, 2023, Plaintiff Michiko Stehrenberger ("Plaintiff") filed a Motion for Stay of Proceedings Pending Appeal. Doc. No. 239. On April 20, 2023, Plaintiff filed an amended motion for stay and a request for certification of finality of abstention order.

MEMORANDUM OF DECISION - 1

Doc. No. 241 ("Stay Motion"). The Stay Motion is related to Plaintiff's notice of appeal in which she purports to appeal a number of this Court's orders, including an order denying her request to abstain from hearing the 11 U.S.C. § 523(a)(19) claim for relief she asserts against the defendants and stay this adversary proceeding to allow her to pursue a Utah state court judgment for alleged securities violations.[1] Given the trial on the merits set to commence on May 9, 2023, and the need for expeditious resolution of the Stay Motion, the Court concludes oral argument would create unwarranted delay and is unnecessary. Based on a review of the record and the relevant standards, the Court determines the Stay Motion will be denied.

**DISCUSSION AND DISPOSITION**

    A.    **Standards**

Federal Rule of Bankruptcy Procedure 8007 governs a motion for stay pending appeal. In analyzing such a motion, this Court must consider four factors:

> 1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies.

---

[1] Plaintiff's April 11, 2023 notice of appeal also purported to appeal an order denying Plaintiff's motion for reconsideration which was concurrently filed with her notice of appeal and had not yet been ruled upon. The Court subsequently entered an order denying Plaintiff's reconsideration request, Doc. No. 234, and Plaintiff amended her notice of appeal to reflect the docket number of that order. *See* Doc. No. 238. The other orders Plaintiff identified in her notice of appeal are a September 9, 2021 order denying Plaintiff's application for default judgment against a non-debtor entity and dismissing that party; a January 18, 2022 order denying Plaintiff's request to be allowed to electronically file in the Court's ECF system; a January 25, 2023 order granting in part but denying in part Plaintiff's request to extend pretrial deadlines and continue trial; and a February 9, 2023 order denying Plaintiff's motion to reconsider the Court's denial of her request to extend deadlines and continue the trial.

MEMORANDUM OF DECISION - 2

*Nken v. Holder*, 556 U.S. 418, 426 (2009); *In re Porrett*, 2016 WL 1689047 (Bankr. D. Idaho April 25, 2016). Moreover, a stay "is an 'intrusion into the ordinary processes of administration and judicial review[,]' and accordingly 'is not a matter of right[.]'" *Nken*, 556 U.S. at 427. "It is instead 'an exercise of judicial discretion' . . . [that] 'is dependent upon the circumstances of the particular case.'" *Id.* at 433. "The party requesting the stay bears the burden of demonstrating that the circumstances justify an exercise of the Court's discretion." *Porrett*, 2016 WL 1689047 at *1–2.

### B.  Analysis

#### 1.  Likelihood of Success on the Merits

Here, Plaintiff's Stay Motion requests this Court stay the upcoming May 9 trial given the existence of Plaintiff's appeal in order to determine if her request for abstention was timely and to "allow the Bankruptcy Appellate Panel to consider the cases relied upon in *Anderson* and provide future guidance to litigants addressing the § 523(a)(19)(B) analysis in the Ninth Circuit."[2] However, Plaintiff has not demonstrated a likelihood of success on appeal regarding this Court's decision to deny her motion to abstain or her motion to reconsider denial of her motion to abstain.

##### a.  Permissive Abstention

Plaintiff originally argued her motion to abstain under 28 U.S.C. § 1334(c)(1). 28 U.S.C. § 1334(d) specifically states that "[a]ny decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in

---

[2] Thus while Plaintiff's notice of appeal attempts to appeal multiple Court orders, her Stay Motion appears to focus only on those orders denying abstention.

MEMORANDUM OF DECISION - 3

subsection (c)(2)) is not reviewable by appeal[.]" Thus, to the extent Plaintiff appeals her motion for permissive abstention, the appeal is not allowed pursuant to statute.

### b. Mandatory Abstention

It was only after the Court denied Plaintiff's abstention motion that she pivoted to 28 U.S.C. § 1334(c)(2) and argued in her motion for reconsideration that mandatory abstention applied. This Court denied that relief as untimely. To the extent Plaintiff seeks to appeal the denial of her motion for reconsideration, which raised mandatory abstention for the first time, it is also unlikely to succeed for a number of reasons.

First, it is not appropriate to raise a new legal theory that could have been raised and argued in the original motion in a reconsideration request. *See Gonzalez v. Aurora Loan Servs. LLC, (In re Gonzalez)*, 2012 WL 603747 at *6 (9th Cir. BAP Feb. 2, 2012); *see also Kona Enters. Inc., v. Bishop*, 229 F.3d 877, 890–91 (9th Cir. 2000) (dismissing an argument that a party should be allowed to raise a new legal theory for the first time in a motion for reconsideration because they were unaware of the issue until the trial court ruled on the original motion). The mandatory abstention argument was first raised in the context of reconsideration, not as an argument in the original abstention motion. Thus, it was not properly presented to the Court.

Second, the legal issue upon which Plaintiff argues mandatory abstention is required was identified toward the beginning of the adversary proceeding, approximately two years ago, yet Plaintiff first focused on it and raised it in her motion for reconsideration a mere month before trial. Any right to have the Court abstain can be waived by waiting too long to bring the motion. *See* 28 U.S.C. § 1334(c)(2) (requiring a

MEMORANDUM OF DECISION - 4

"timely" motion).  That occurred here.  Moreover, the reconsideration motion was filed after the expiration of the deadline to bring pretrial motions.  Thus, Plaintiff's new legal argument found only in the reconsideration motion was also untimely under the Court's pretrial order.

Third, Federal Rule of Bankruptcy Procedure 8004(a) requires appeals from interlocutory orders to be filed within the time allowed by Rule 8002, and they must be accompanied by a motion for leave to appeal.  Here, the denial of the motion to reconsider abstention, as well as the other five orders listed in Plaintiff's notice of appeal, are interlocutory.  A final order in the context of an adversary proceeding is one that resolves the entire case, and there have been no final orders from which Plaintiff can appeal.[3]  And of the orders identified in the notice of appeal, only the order on the motion to abstain and the motion for reconsideration would fall within Rule 8002's 14–day window.  However, Plaintiff has not filed a motion for leave to appeal those interlocutory orders as required by Rule 8004(a)(2).  Thus, the appeal appears to be procedurally deficient.

---

[3] Plaintiff's amended Stay Motion requests the Court "certify its March 30, 2023 order denying abstention as a final order for purposes of appeal." Doc. No. 241 at 1.  Thus, it appears Plaintiff recognizes the need for a final order to confer appellate jurisdiction.  Plaintiff cites to *Ritzen Grp. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020), and asserts a decision on abstention is equivalent to a denial of a motion for relief from stay.  While the analogy is appealing, *Ritzen* was clear that final decisions are those that normally "resolve the entire case" in order to avoid piecemeal appeals.  However, in a bankruptcy case, unlike a civil case or even an adversary proceeding, there are numerous, discrete controversy-resolving decisions over an extended period of time that are recognized as final and appealable.  One of which is a denial of stay relief, but, as noted in *In re GACN, Inc.*, "for purposes of determining the finality of an adversary proceeding judgment or order, bankruptcy courts rely upon the same finality standard that applies in all other federal civil cases. That standard treats a judgment or order as final for appeal purposes only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *See In re GACN, Inc.*, 555 B.R. 684, 691 (9th Cir. BAP 2016).  This adversary proceeding has not been resolved, and thus the decision on abstention is not final.

MEMORANDUM OF DECISION - 5

Fourth, even if Plaintiff's reconsideration motion in which she raises a new legal theory were to be considered timely and the Court were to interpret her notice of appeal and request for stay pending appeal as a motion to allow interlocutory appeal, it still lacks merit. Mandatory abstention is required in a proceeding based on a state law claim "related to" a case under title 11 but not "arising under title 11 or arising in a case under title 11[.]" 28 U.S.C. § 1334(c)(2). Here, Plaintiff asked the Court to abstain from hearing her § 523(a)(19) claim for relief and stay all other proceedings. However, a claim for relief that seeks a dischargeability determination under § 523 is not a "related to" proceeding and thus does not satisfy one of the elements for mandatory abstention.

Fifth, the primary focus of Plaintiff's appeal is an issue not yet ruled on by the Court. Plaintiff purports to appeal the denial of her abstention motion. However, what she truly appears to be focused on is this Court's indication that it would likely follow its prior precedent, *In re Anderson*, 2012 WL 3133827 (Bankr. D. Idaho Aug. 1, 2012), in analyzing Plaintiff's § 523(a)(19) claim for relief. This analysis arose in the context of the defendants' assertion that there was no need to abstain because this Court could enter the securities judgment required as an element of § 523(a)(19). The Court recognized such authority exists, but also that there is another line of authority, one adopted by this Court in 2012, that holds the underlying judgment contemplated in § 523(a)(19) must be entered in a non-bankruptcy forum. Thus, the Court reasoned that if it were to follow the prior decision of this Court and require a non-bankruptcy forum judgment there is a possibility that Plaintiff would be prejudiced because, as-yet, the Court has not seen a final non-bankruptcy forum judgment concerning violations of securities laws. However,

MEMORANDUM OF DECISION - 6

the Court was not ruling on the § 523(a)(19) claim for relief. It was merely determining that Plaintiff's requested abstention needed to be addressed and analyzing the relevant abstention factors such as the difficulty or unsettled nature of the applicable law and the burden on the bankruptcy court's docket.

At this stage, the Court does not know whether there is a judgment or not. On the one hand, Plaintiff's request for abstention would appear to indicate there is no final judgment or order, but on the other hand, her contemporaneous request for summary judgment would indicate she has such a judgment or order. Under either scenario, the Court denied the abstention motion primarily because it was brought too late in these proceedings. As noted by the Court, abstaining at this late hour, years into the case, would unduly delay the outcome of this adversary proceeding. In so ruling, the Court indicated that it was mindful of the fact that denying abstention may prevent Plaintiff from prosecuting her § 523(a)(19) claim if she does not have a non-bankruptcy forum judgment or order but recognized that Plaintiff was put on notice over two years ago of the caselaw that requires a non-bankruptcy court to make a liability determination for purposes of § 523(a)(19). Additionally, the Court noted that Plaintiff's § 523(a)(2), (4), and (6) claims also relate to the defendants' alleged Utah state securities violations and fraud in relation to the sale of securities and thus Plaintiff will still be permitted to seek to except her claim from discharge, which helps mitigate any potentially harsh outcome from the Court denying abstention.

Thus, although the Court analyzed some portions of § 523(a)(19), the Court did not deny Plaintiff's § 523(a)(19) claim for relief, only her request to abstain at this stage

MEMORANDUM OF DECISION - 7

in the litigation. If, after trial, the Court denies Plaintiff's § 523(a)(19) claim for relief, that would be the appropriate time to seek review of the Court's decision and the authority upon which it relied to reach such a conclusion. To date, the Court has not ruled on the § 523(a)(19) claim, notwithstanding the dicta in its abstention ruling regarding the Court's prior precedent and its inclination to apply the same. Thus, Plaintiff's appeal, to the extent it requests review of those issues, appears to be premature, and Plaintiff will likely not succeed on the merits.

### 2. Remaining Factors

Nothing in Plaintiff's Stay Motion demonstrates she would be irreparably injured by the Court proceeding to try this case. In the unlikely event that the Court's decision to deny Plaintiff's request for abstention were reversed, there is still little prejudice as that would merely allow Plaintiff to proceed to judgment in state court. This Court would still need to rule on the § 523(a)(19) claim and all the remaining claims for relief. With any appeal, there is a possibility of reversal and the need to retry some or all of a case, this does not create the type of irreparable injury contemplated in the standard. In addition, the issuance of a stay would inconvenience the parties by placing this already protracted litigation on hold over the objections of at least one defendant.

The Court recognizes there is a public interest in deterring those that participate in securities fraud. However, trying this nondischargeability case now does not adversely impact such interests. The Court would hear any evidence and testimony as to any fraud committed by these defendants and rule on the same. Moreover, the Court believes the public interest is best served with the just and speedy resolution of this litigation.

MEMORANDUM OF DECISION - 8

**CONCLUSION**

In short, given the Court's view regarding the lack of merit to Plaintiff's appeal, most specifically the determination that Plaintiff's request for abstention was untimely and the focus of her appeal is premature, the Court concludes a stay should not be entered. The Court will enter a separate order denying the Stay Motion. The parties should proceed under this Court's pretrial order, submit their pretrial briefs and witness and exhibit disclosures on April 25, 2023, and be prepared to proceed to trial on May 9, 2023.

DATED: April 20, 2023



_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 9