UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**TAMIO L. STEHRENBERGER and ANNA C. STEHRENBERGER**<br><br>Debtors. | Case No. 20-00833-NGH |
| **MICHIKO STEHRENBERGER,**<br><br>Plaintiff,<br><br>v.<br><br>**TAMIO L. STEHRENBERGER, ANNA C. STEHRENBERGER, TIMOTHY R. KURTZ, INTERNAL REVENUE SERVICE, STAR MOUNTAIN ENTERPRISES, LLC AND JOHN DOES 1-100,**<br><br>Defendants. | Adv. No. 20-06044-NGH |

**MEMORANDUM OF DECISION**

Before the Court is a motion to alter or amend the Court's judgment filed by Michiko Stehrenberger ("Plaintiff"). Doc. No. 317. The following Decision resolves the matter.

MEMORANDUM OF DECISION - 1

## BACKGROUND

Plaintiff initiated the present adversary proceeding on December 11, 2020.  Doc. No. 1.  On October 12, 2021, Plaintiff filed a second amended complaint asserting certain debts are owed to her by Defendants Anna and Tamio Stehrenberger,[1] and that such debts are nondischargeable pursuant to § 523(a)(2), (a)(4), (a)(6), and (a)(19).[2]  Doc. No. 88.  A four-day trial commenced on May 9, 2023.  At the beginning of the trial, the Court addressed several matters, including Plaintiff's request to allow Zoom testimony of two witnesses, Francie Yeh and Ken Hsieh.  At the conclusion of trial, all parties agreed to submit simultaneous written closing arguments due by June 2, 2023, and each party timely filed their arguments.  Doc. Nos. 304, 305, & 307.  On June 20, 2023, Plaintiff filed a motion for leave to file amended closing arguments and rebuttal arguments.  Doc. Nos. 309, 310, & 311.

The Court entered a decision, order, and judgment on September 6, 2023.  Doc. Nos. 313, 314, & 315.  In the decision, the Court denied Plaintiff's request to file amended closing arguments and rebuttal, noting that the parties had agreed to the closing argument schedule at trial.  Further, the Court found Plaintiff had not carried her burden as to any of the claims asserted and dismissed Plaintiff's second amended complaint.

---

[1] The Court will refer to Tamio and Anna Stehrenberger together as "Defendants," but when necessary, will refer to each individual as "Tamio" and "Anna" to avoid confusion.

[2] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532.  Additionally, all citations to "Rule" are to the Federal Rules of Bankruptcy Procedure and all citations to "Civil Rule" are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 2

On September 19, 2023, Plaintiff filed a motion requesting to alter or amend the judgment, requesting the Court reconsider the following decisions: (1) the denial of Plaintiff's request to abstain from the § 523(a)(19) claim; (2) the denial of Plaintiff's request to allow Zoom testimony; (3) the decision as to the § 523(a)(2)(A), (a)(4), and (a)(6) claims involving the activities of Star Mountain Enterprises; (4) the decision as to the § 523(a)(2)(B) claim involving EAG Investments; and (5) the denial of Plaintiff's motion to file amended closing arguments and rebuttal.  Doc. No. 317.[3]

**ANALYSIS**

      A.    **Motion to Alter or Amend Judgment**

Plaintiff's motion is brought pursuant to Civil Rule 59.  Civil Rule 59, made applicable to adversary proceedings through Rule 9023, governs motions to alter or amend a judgment.[4]  "To support a motion seeking relief under Civil Rule 59(e), a movant must show: '(1) a manifest error of fact; (2) a manifest error of law; or (3) newly discovered evidence.'"  *Mellem v. Mellem (In re Mellem)*, 625 B.R. 172, 183–84 (9th Cir. BAP 2021) (quoting *Hansen v. Moore (In re Hansen)*, 368 B.R. 868, 878 (9th Cir. BAP 2007)).  Motions brought pursuant to Civil Rule 59(e) "will not be granted 'absent highly unusual circumstances,' and reconsideration of a judgment or order after its entry by the

---

[3] Plaintiff's motion also addresses her motion to reopen the main bankruptcy case to allow her to pursue stay relief.  Case No. 20-00833-NGH, Doc. Nos. 108 & 109.  The Court will resolve such motion in a separate order.

[4] Plaintiff also cites to Civil Rule 52 as grounds for relief.  Pursuant to Civil Rule 52(b), the court has "'an opportunity to correct manifest errors of law or fact at trial, or in some limited situations, to present newly discovered evidence.'" *Zazzali v. Goldsmith (In re DBSI, Inc.)*, 2018 WL 6931280, at *1 (Bankr. D. Idaho Nov. 21, 2018) (quoting 9C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2571 (3d. ed. 2018)).  Because the analysis closely tracks with the analysis performed under Civil Rule 59, the Court will not include a separate analysis under Civil Rule 52.

MEMORANDUM OF DECISION - 3

court 'is an extraordinary remedy which should be used sparingly.'" *Wallace v. Hayes (In re Wallace)*, 2013 WL 782721, *2 (Bankr. D. Idaho Feb. 27, 2013) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999)). Rule 59(e) motions "may not be 'used to cure procedural or evidentiary inadequacies, advance arguments that should have been presented at trial or reargue contentions already presented.'" *Zazzali v. Goldsmith (In re DBSI, Inc.)*, 2018 WL 6931280, at * 2 (Bankr. D. Idaho Nov. 21, 2018) (quoting *Owen v. Lundstrom (In re Owen)*, 2006 WL 2548787, at *2 (Bankr. D. Idaho Aug. 31, 2006)).

### 1.   Abstention as to § 523(a)(19) motion

Plaintiff's motion first focuses on the Court's treatment of the § 523(a)(19) claim. In particular, Plaintiff asserts it was an error for the Court to deny her oral motion, made at trial, requesting the Court to abstain from hearing the § 523(a)(19) claim and allow the Utah state court litigation concerning the matter to continue.[5] The Court, however, had ruled on this matter prior to trial. Plaintiff initially brought her request for permissive abstention in a motion for summary judgment. Doc. No. 169. The Court denied that request through an oral ruling and order. Doc. Nos. 219 & 221. The Court also denied Plaintiff's motion to reconsider the denial of the abstention request. Doc. No. 234.

First, Plaintiff asserts it was error to deny her motion for permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) as to the § 523(a)(19) claim. "[T]he decision to

---

[5] Michiko's motion also argued that the Court erred in not giving "full faith and credit" to the Utah state court's findings. However, there was no final judgment in the Utah state litigation and the issue of Tamio and Anna's liability under state securities law was never resolved.

MEMORANDUM OF DECISION - 4

abstain is left up to the sound discretion of the bankruptcy court." *Evoq Props. Inc. v. Maddux (In re Meruelo Maddux Props. Inc.)*, 2013 WL 1615784, at *7 (9th Cir. BAP April 15, 2013). In originally denying the request prior to trial, the Court relied on the factors identified in *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1167 (9th Cir. 1990). The Court determined abstention was not appropriate in these circumstances. Moreover, the Court denied a previous reconsideration request. Without more, the Court will not once again reconsider its prior ruling.

Plaintiff also raised the issue of mandatory abstention. However, she also raised mandatory abstention arguments in her prior motion to reconsider, which the Court denied before trial. *See* Doc. Nos. 229 & 234. Plaintiff has not shown a manifest error of fact or law, and the Court declines Plaintiff's request to once again analyze the issue.

## 2. Denying Zoom Testimony of Witnesses

Next, Plaintiff argues it was an error for the Court to deny her request to allow Francie Yeh and Ken Hsieh to testify via Zoom. In accordance with Civil Rule 43(a), made applicable by Rule 9017, and Federal Rule of Evidence 611, for good cause and in compelling circumstances, a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. A motion to allow Zoom testimony should be brought in a timely manner well in advance of trial. Plaintiff only made such motion a week before trial was scheduled to start. Additionally, Plaintiff also requested trial be delayed due to the unavailability of witnesses to obtain a translator or to allow time to depose Yeh and Hsieh.

MEMORANDUM OF DECISION - 5

Here, Plaintiff has not pointed to a manifest error in law in the Court's decision to deny her requests for Zoom testimony, or alternatively to delay trial to allow the depositions of Yeh and Hsieh.  The Court permitted another witness, Hal Rosen, to testify via Zoom due to unexpected circumstances that prevented Mr. Rosen from appearing in person.  However, such circumstances were not present with Yeh and Hsieh.  Yeh and Hsieh were unable to travel due to their old age and the prohibitive costs and expenses of traveling.  Further, a Mandarin translator would be necessary for both Yeh and Hsieh's testimony.  Unlike Mr. Rosen's situation, Plaintiff was aware of these issues and should have addressed them long before the eve of trial.  Further, the Court determined Plaintiff's request for the continuance was untimely, noting the pretrial order required all pretrial motions, including motions for continuances, to be filed prior to March 20, 2023.  Accordingly, the Court will not amend its judgment with respect to this issue.

### 3.    Consideration of Testimony and Evidence

Next, Plaintiff argues that the Court did not properly consider the testimony of witnesses and evidence presented in determining Plaintiff had not met her burden as to any of the § 523(a) claims.  First, as to the § 523(a)(2)(A) claim, Plaintiff asserts the Court disregarded testimony that Plaintiff would not have invested her money in the Landmark Bray-Conn account in April 2007 and the Court erred in relying on "post-sale communications."  Many of Plaintiff's allegations concerning the representations made by Defendants were only supported by Plaintiff's testimony and were disputed by Defendants.  As such, there was a sparse record, and when the Court weighed the credibility of the parties, the Court determined Plaintiff had not met her burden.  The

MEMORANDUM OF DECISION - 6

Court considered Plaintiff's testimony and found that it was undermined by her repeated expressed interest in other investments. The Court recognized that much of the evidence of this interest in other investments is dated after Plaintiff signed the Star Mountain promissory notes, but noted repeated testimony undermined Plaintiff's assertions she never would have invested in such risky investments.

Plaintiff next argues the Court erred in not considering Tamio's concealment of the "percent skimming scheme" as a circumstance indicating fraud as required under § 523(a)(4). However, as noted by the Court, Plaintiff did not establish her allegations of such concealment with sufficient evidence. Plaintiff asserts it was fraudulent that Star Mountain only paid Plaintiff 2% interest on her investment while it received 6% from the Landmark Bray-Conn account. However, Plaintiff's agreement with Star Mountain only called for 2% interest, and Plaintiff appeared to be aware, at least shortly after signing such agreement, that Star Mountain received a higher percentage. As such, the Court does not find it was a manifest error of law or fact to find Plaintiff had not met her burden as to § 523(a)(4).

Next, Plaintiff asserts the Court erred in dismissing the § 523(a)(6) claim by overlooking Tamio's testimony that he intended to cancel his personal guarantee on the initial holding agreements when he had Plaintiff sign the new Star Mountain promissory notes. While the Court did not address that specific testimony in the decision, the Court did address the absence of the personal guarantee from the Star Mountain promissory notes, noting that Plaintiff provided the language for the Star Mountain promissory note and could have included such guarantee if the clause was a matter of importance,

MEMORANDUM OF DECISION - 7

undermining Plaintiff's allegations that she was induced to sign an agreement from which Tamio had purposely removed the personal guarantee. Further, § 523(a)(6) requires a showing that the defendant intended the injury actually occur. The Court determined that the record did not support a finding that Defendants intended for Plaintiff to lose her investment, particularly when considering Defendants' own investment in the same account and Defendants' attempt to withdraw the entirety of the investment.

Finally, Plaintiff asserts the Court erred in determining EAG did not actually or reasonably rely on Tamio's misrepresentation on the loan application. In particular, Plaintiff asserts the Court mistakenly treated the assets of Star Mountain as Tamio's personal assets and the Court did not give enough weight to the fact that Tamio listed the Landmark Bray-Conn account as his own asset on the EAG loan application and did not disclose it was an account owned by Star Mountain and that included the investments of several other individuals. The Court did fully consider Tamio's representation on the EAG application. Analysis under § 523(a)(2)(B) is fact intensive and requires close examination of all facts presented. However, there was relatively sparse evidence regarding the EAG loan—the record featured contradictory testimony from Mr. Rosen and Tamio and did not include the loan documents themselves. As such, the Court determined Plaintiff had not presented sufficient evidence to establish Tamio acted with the requisite intent. Further, the Court found issue with EAG's lack of investigation into Tamio's representations concerning his personal bank account on the loan application. Plaintiff had the burden of proof and, though there were some troubling facts regarding

MEMORANDUM OF DECISION - 8

Tamio's representations, the Court found Plaintiff did not present sufficient evidence to establish her claim under § 523(a)(2)(B).

As previously noted, altering or amending a judgment under Civil Rule 59(e) is an extraordinary remedy that should not be granted merely because a party disagrees with the Court's findings. Plaintiff had the burden of establishing each element of her claims by a preponderance of the evidence, and while Plaintiff presented some evidence, after considering all the evidence presented and weighing the credibility of the witnesses, the Court determined Plaintiff did not produce sufficient evidence to carry her burden as to any of the claims. Plaintiff has not pointed to any manifest error of fact or law, or any new evidence that would warrant altering or amending the Court's decision.

### 4. Denial of Motion for Leave to Submit Amended Written Closings

Plaintiff also requests the Court reconsider its ruling denying her motion for leave to submit amended written closing argument and rebuttal. Plaintiff cites to *Spring Creek Capital, LLC v. Hawkes (In re Hawkes)*, 2020 WL 1170708 (Bankr. D. Idaho March 10, 2020), arguing the Court should liberally allow amended filings. However, *Hawkes* addresses the proper standard for leave to file an amended complaint, which is not applicable here. At trial, all parties agreed to simultaneous written closing arguments to be submitted by June 2, 2023. Plaintiff submitted a closing argument within the appropriate timeframe. However, nearly two weeks after that deadline, Plaintiff sought to file an amended closing brief and rebuttal argument. Allowing Plaintiff to file amended closing arguments as well as rebuttal would have caused further delay and

MEMORANDUM OF DECISION - 9

prejudiced Defendants as they relied upon the briefing schedule in preparing their arguments.  As such, the Court will not alter its decision to deny Plaintiff's request to submit amended written closings and rebuttal.

**CONCLUSION**

Accordingly, the Court will deny Plaintiff's motion to alter or amend the judgment.[6]  The Court will enter an order consistent with this Decision.

DATED:  December 12, 2023



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

---

[6] The Court considered the entirety of Plaintiff's motion.  To the extent any arguments raised by Plaintiff are not specifically addressed in this Decision, the Court found them to be lacking merit and likewise denies them.

MEMORANDUM OF DECISION - 10